OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 Can the People validly declare readiness for trial pursuant to CPL 30.30 prior to the defendant’s arraignment? In
 
 People v England
 
 (84 NY2d 1), we deemed a prearraignment statement of readiness ineffective where, solely because of the People’s own conduct, it was impossible to arraign the defendant within the statutory period.
 
 England,
 
 however, does not hold that the People can never be ready to proceed to trial prior to arraignment. Thus, where it was possible for the defendant to be arraigned — and the trial to proceed — within the six-month period, a prearraignment statement of readiness was valid.
 

 I.
 

 People v Goss
 

 Defendant Goss was charged with first degree assault in a felony complaint filed with the Buffalo City Court on July 19, 1993. On January 14, 1994, an indictment charging defendant with second degree assault and third degree criminal posses
 
 *795
 
 sion of a weapon was filed in Erie County Court, and the People announced their readiness for trial. On that same date, the People sent the defendant a letter advising him of their readiness and that his arraignment date had been scheduled for January 24, 1994. The defendant failed to appear for the scheduled arraignment, and a warrant issued. Defendant was subsequently apprehended and arraigned on February 7, 1994. The People reiterated their readiness on both January 24 and February 7, 1994.
 

 Defendant then moved to dismiss the indictment on the ground that CPL 30.30 had been violated. Relying on
 
 People v England
 
 (84 NY2d 1,
 
 supra),
 
 he argued that the People could not validly announce readiness until arraignment and that both the scheduled and actual arraignment dates were more than six months after the commencement of the criminal action. The People claimed no exclusions for this 184-day period. Rather, they distinguished
 
 England,
 
 arguing that there the prosecution did not declare ready until the last day of the statutory period, whereas here they had stated their readiness on January 14, 1994, five days before the expiration of the six-month period on January 19, 1994.
 

 Following a hearing, the trial court granted defendant’s motion and dismissed the indictment, construing
 
 England
 
 to hold that the People cannot effectively announce readiness before the defendant has been arraigned. The Appellate Division affirmed, with two Justices dissenting.
 

 People v Avery, Gaymon
 
 and
 
 Cole
 

 On October 19, 1993, a felony complaint was filed in Buffalo City Court charging all three defendants with third and fifth degree criminal possession of a controlled substance and related offenses. The Erie County Grand Jury returned an indictment against the defendants charging defendants Gaymon and Cole with seventh degree criminal possession of a controlled substance and defendant Avery with various drug and weapon possession offenses. On April 14, 1994, the People filed this indictment in Erie County Supreme Court, declared readiness for trial and sent letters to each defendant informing them of their readiness and that arraignment had been scheduled for April 22, 1994. Defendants Avery and Cole were arraigned on the set date. Defendant Gaymon, however, did not appear and was arraigned on April 25, 1994. At each arraignment, the prosecutor noted that the People were ready to proceed.
 

 The defendants each moved to dismiss the indictment on statutory speedy trial grounds. They maintained that the
 
 *796
 
 People’s readiness declaration on April 14,1994 was ineffective because the defendants had not yet been arraigned and that the arraignment dates fell outside the statutory six-month period, which ended on April 19, 1994. Defendant Avery further alleged that it was the People’s responsibility to schedule arraignment and that they had in fact set the April
 
 22,
 
 1994 arraignment date. The People responded to each motion by simply arguing that their statement of readiness on April 14, 1994 was valid, since it was made five days before the expiration of the statutory period and the defendants therefore could have been arraigned before the six months lapsed.
 

 The trial court granted the defendants’ motions and dismissed the indictment in a single decision. Finding that it was the People’s responsibility to arrange for the defendants’ arraignment, it concluded that they should be charged with the period of delay between their statement of readiness and arraignment, citing
 
 England.
 
 The Appellate Division, with two dissenters, affirmed.
 

 II.
 

 Under CPL 30.30, the People must be ready for trial within six months of the commencement of the criminal action in which a felony is charged (see, CPL 30.30 [1] [a]). In
 
 England,
 
 we concluded that a declaration of readiness made within the six-month period but prior to arraignment was invalid, where the People had inexplicably waited until the last day of the statutory period to secure an indictment. Because CPL 210.10 (2) requires that an indicted defendant be given at least two days notice of the arraignment date, the People had made "arraignment within the statutory period impossible,” which in turn made trial within the statutory period impossible
 
 (id.,
 
 at 5). Consequently, "the People’s statement of readiness for trial * * * was meaningless”
 
 (id.).
 

 Our conclusion in
 
 England
 
 hinged on the fact that the inability to arraign the defendant and thus proceed to trial within the requisite six months was "wholly as a result of [the People’s] own conduct”
 
 (id.,
 
 at 3). Notably, prior to
 
 England,
 
 we had recognized that "[d]clays between indictment and the arraignment * * * do not prevent the People from being ready for trial”
 
 (People v Correa,
 
 77 NY2d 930, 931;
 
 see also, People v Cortes,
 
 80 NY2d 201, 213), and
 
 England
 
 did not alter the principle that the People can be ready to proceed to trial prior to the defendant’s arraignment.
 
 England,
 
 rather, carved out a single exception — a declaration of readiness prior to arraign
 
 *797
 
 ment is illusory in the "unusual circumstances” where arraignment within the statutory time period is impossible and that impossibility is attributable solely to the People
 
 (People v England,
 
 84 NY2d at 3).
 

 The People argue in each of these cases that, because it was possible for the defendants to be arraigned within the six-month periods, their prearraignment statements of readiness were valid. We agree. In defendant Goss’ case, the six-month period ended on January 19, 1994. The People filed an indictment and announced their readiness on January 14, 1994, five days before the speedy trial clock expired. As for defendants Avery, Gaymon and Cole, their six-month period lapsed on April 19, 1994. The People filed an indictment and declared readiness for trial on April 14, 1994, also five days prior to the end of the six months. All of the defendants thus could have been arraigned within the statutory period.
 
 England
 
 therefore does not apply, and the prearraignment declarations of readiness were valid.
 

 This, however, is not the end of the inquiry. The defendants argue that the People were responsible for scheduling their arraignments outside of the six-month period and that they should therefore be charged with that period of time. Even when the People have validly declared their readiness, they will be charged with periods of "postreadiness” delay where "it is the People’s dereliction that is preventing the defendant’s trial from going forward”
 
 (People v McKenna,
 
 76 NY2d 59, 64). Thus, we have charged the People with their delay in producing Grand Jury minutes necessary for judicial resolution of a pretrial motion
 
 (see, id.).
 
 By contrast, postreadiness delay attributable to the court is not charged to the People
 
 (see, People v Giordano,
 
 56 NY2d 524, 525 [postreadiness court congestion]).
 

 Arraigning a defendant upon indictment is exclusively a court function. Thus, CPL 210.10 requires
 
 the court
 
 to arraign an indicted defendant
 
 {see also,
 
 CPL 210.15). Where a local criminal court has already acquired control of the defendant prior to the filing of the indictment, that section further directs
 
 the court
 
 to notify the defendant of the arraignment date and to secure the defendant’s appearance on that date (CPL 210.10 [1], [2]). Obviously the court must set its own calendar, and the statute thus contemplates the court scheduling the arraignment, notifying the defendant, and securing the defendant’s attendance. Only where the filing of the indictment constituted the commencement of the criminal action does the statute
 
 *798
 
 permit the court to delegate the latter two functions to the People
 
 (see,
 
 CPL 210.10 [3]).
 

 Where, as in these cases, a felony complaint was previously filed in local criminal court, the Criminal Procedure Law imposes a nondelegable duty on the trial court to arraign the defendant. Neither local practice violative of CPL 210.10 (2) nor consent of the parties can divest the court of this responsibility. Consequently, any delay in arraignment is attributable solely to the court and not charged to the prosecution
 
 (see, People v Smith,
 
 82 NY2d 676, 678;
 
 People v Giordano,
 
 56 NY2d at 525).
 

 The postreadiness delay in arraigning these defendants, then, should not be included in calculating the total period of prosecutorial delay. Because in each case the People were ready for trial within the statutory period, it was error to dismiss the indictments.
 

 Accordingly, in each case the order of the Appellate Division should be reversed and the indictment reinstated.
 

 Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 In each case: Order reversed and defendant’s motion to dismiss the indictment denied.