OPINION OF THE COURT
Darrell L. Gavrin, J.
The defendant is charged with violating Penal Law § 220.03, *1031 criminal possession of a controlled substance in the seventh degree, a class A misdemeanor.
Pursuant to CPL 30.30, defendant moves for an order dismissing the charges based upon the People’s failure to convert the instant docket into an information within 90 days.
Defendant’s motion raises the unique issue of whether a direction from the court to a defendant to retain counsel excuses the People’s obligation to convert a misdemeanor complaint to an information. The People have not responded to defendant’s motion. The court has reviewed the defendant’s motion, the court papers, the applicable case law, and finds as follows:
Defendant was arraigned on November 30, 1995. At arraignment, the People had filed the supporting depositions of Officers Feeley and Purcell, but required the laboratory analysis of the controlled substance to convert the misdemeanor complaint into an information. The defendant was further advised by the Arraignment Judge that he was ineligible for County Law article 18-B court-appointed counsel and to retain counsel. The case was adjourned until December 19, 1995. On that date, as well as January 2, 1996, the People still did not have the required laboratory analysis report, and the defendant was again advised by the court to retain counsel. The People did not have the laboratory report on January 30, 1996, and the case was adjourned again to February 14, 1996, at which time the court assigned the Legal Aid Society to represent the defendant. Defendant’s case was again adjourned for the People to obtain the laboratory report. On February 29, 1996, this court again reminded the People that they needed a laboratory report to convert the docket. Thereupon, the defendant made an oral application for dismissal pursuant to CPL 30.30, and the case was adjourned for the defendant to file the instant written motion.
CPL 30.30
Pursuant to CPL 30.30, the People have 90 days in which to answer ready for trial in this matter.[1]
Defendant herein contends that he was without counsel from November 30, 1995 until February 14, 1996, when the Legal *1032 Aid Society was assigned by the court then presiding to represent him in this matter. The defendant has alleged that 92 days have elapsed since the date of defendant’s arraignment, on November 30, 1995, to February 29, 1996, since the People did not convert the complaint. Defendant further contends that the matter must be dismissed, as there are no excludable periods of delay. Defendant avers that the entire period of time during which defendant was without counsel should be chargeable to the People because of a prior court’s incorrect determination that defendant was ineligible for assigned counsel. Defendant relies on the Court of Appeals decision in People v Cortes (80 NY2d 201 [1992]), and requests that the People be charged with the time during which defendant ,was without counsel through the fault of the court, pursuant to Cortes and CPL 30.30 (4) (f).
The People have the burden of establishing their entitlement to a statutory exclusion for some, if not all, of the period of delay at issue. (See, People v Cortes, 80 NY2d 201, supra; People v Berkowitz, supra; People v Luperon, 85 NY2d 71, 81 [1995].) Due to the People’s failure to respond, they have not proffered any basis for excluding this period, and the court would be well within its discretion in charging them for this unexcused delay, and granting defendant’s motion on that basis alone.
However, for the sake of appellate review, and to allow this court to provide a clear and complete record as to the basis for its decision, the court finds as follows:
November 30, 1995-February 29, 1996 (92 days)
The court notes that it is the prevailing practice in this county to have Criminal Justice Agency (hereinafter C.J.A.) screen each defendant prior to arraignment to obtain financial information for the court to make a determination as to whether the defendant will be required to retain private counsel, based on certain financial guidelines. The defendant *1033 herein was advised at his arraignment on November 30, 1995 by the court then presiding that he was "on to retain counsel”. On December 19, 1995, January 2, 1996, and January 30, 1996, the matter was adjourned for the People to obtain the laboratory report and for the defendant to retain.
Defense counsel urges this court to employ the analysis set forth in People v Cortes (supra) to dismiss this matter. Counsel avers that the delay caused by the direction to the defendant to retain counsel was attributable to the fault of C.J.A. in incorrectly reporting the defendant’s income level to thé court, upon which he claims the court erroneously relied in concluding that defendant was ineligible for assigned counsel. However, this court finds that neither Cortes nor CPL 30.30 (4) (f) is applicable. CPL 30.30 (4) (f) provides a specific statutory exclusion for delays which occur in situations wherein the defendant is without counsel through no fault of the court.
Unlike People v Cortes (supra), the cause of the delay herein was not the failure of the assigned counsel plan to appoint an 18-B attorney to represent the defendant, but rather, the People’s failure to obtain a laboratory report that was needed to convert the complaint to an information. The repeated adjournment of the case at bar for the defendant to retain counsel had no effect upon the People’s obligation to bring this case to the point where it was ready to be tried (People v McKenna, supra). The county practice of requiring the defendant to retain where the defendant does not meet the financial level for assigned counsel did not override the due process and policy mandates of CPL 30.30. The adjournment did not impair the People’s ability to obtain the laboratory analysis report of the alleged substance to convert the docket and announce their readiness, nor did it, in this court’s view, excuse their failure to do so. The absence of a properly corroborated criminal court information was a circumstance that directly impaired the People’s ability to proceed to trial. The court notes that since the Legal Aid Society was appointed on February 14, 1996, the People are still not ready, nor have they obtained the required laboratory report.
In the instant fact pattern, this court holds that the People have a continuing duty to convert the misdemeanor complaint into a misdemeanor information, and to announce their readiness, notwithstanding the fact that the defendant is "on to retain” private counsel. The obligation of the People to meet the statutory legal mandates to bring any complaint to the point where it is ready for trial is neither excused nor is it *1034 superseded by the fact that there is some question as to the defendant’s eligibility for the Legal Aid Society or assigned counsel.
This court does not conclude, based upon its review of the legislative memoranda accompanying CPL 30.30, that the Legislature, in enacting the pertinent sections of CPL 30.30, intended that it be applied to infinitely extend the People’s time to be ready in the situation presented. The People have never been ready for trial in the case at bar for lack of a laboratory report to substantiate the drug charge.[2] The stated purpose of CPL 30.30 was "[t]o promote prompt trials for defendants in criminal cases” and to "provide a strong inducement for more rapid disposition of criminal cases * * * in a manner more consistent with available resources and the need to avoid creating additional danger to public safety” (Mem of State Executive Dept, 1972 McKinney’s Session Laws of NY, at 3259, 3260; see, People v Luperon, 85 NY2d, supra, at 91 [Bellacosa, J., dissenting]). As to excludable periods, the memorandum accompanying the bill stated (id., at 3259) that "In computing the time limitations within which the people must be ready for trial, certain periods of time would be excluded; e.g., the period of delay caused by an adjournment at the request of or with the consent of the defendant, the period of delay resulting from defendant’s absence, a reasonable period of time consumed in certain pre-trial proceedings and periods of delay caused by exceptional circumstances.”
The Court of Appeals recently clarified the scope of the People’s readiness obligation in People v Goss (87 NY2d 792 [1996]). In Goss, Chief Judge Kaye, writing for a unanimous Court, declared (at 797) that "Arraigning a defendant * * * is exclusively a court function.” "[T]he Criminal Procedure Law imposes a nondelegable duty on the trial court to arraign the defendant”. (Supra, at 798.) Thus, in Goss (supra), the Court held that a delay in arraigning the defendant was not chargeable to the People where the People were otherwise ready for trial and had not, through their own conduct, made it impossible to arraign the defendant (cf., People v England, 84 NY2d 1 [1994]).
In the case at bar, however, the prereadiness delay is directly attributable, not to any action or inaction of the defendant, or *1035 of the court, but due to the People’s dereliction in failing to obtain the laboratory report which was required to corroborate the instrument and bring this case to the point where it was ready for trial. The People cannot benefit from their laxity in discharging their readiness obligation simply because it is the practice to require defendants to retain private counsel when it appears they can afford to do so. If such a rule were sanctioned, criminal cases could be adjourned repeatedly, as was done here, infinitely extending, without limit, the People’s time to be ready for trial. The result would be to afford the People a longer period of time in which to convert a complaint to an information in situations in which the defendant is told to retain counsel as contrasted with situations wherein the defendant is represented by assigned counsel or the Legal Aid Society.
Accordingly, for all the foregoing reasons, this court finds that the entire period of time from November 30, 1995 until February 29, 1996 is chargeable to the People, and, accordingly, defendant’s motion to dismiss is granted. In light of the foregoing, that branch of defendant’s motion seeking a reservation of rights need not be addressed.

. It is axiomatic that the criminal action is commenced by the filing of the first accusatory instrument in a criminal court (CPL 1.20 [17]; People v Lomax, 50 NY2d 351 [1980]). Except for periods of excludable delay, the prescribed period continues to run until the People state their present readiness for trial (People v Kendzia, 64 NY2d 331 [1985]). In order to be "ready”, *1032 the People must do everything that is expected of them in order to bring the case to the point where it is ready for trial (see, People v McKenna, 76 NY2d 59 [1990]). For a class A misdemeanor, punishable by a term of imprisonment exceeding three months, the People must answer ready for trial within 90 days of the commencement of the action (CPL 30.30 [1] [b]). For the defendants to raise speedy trial as a basis for a motion for dismissal, they must be able to demonstrate the existence of a delay in trial greater than the statutory period allotted. Once shown, the burden of proof that certain segments of time within the period are excludable falls squarely on the People (People v Berkowitz, 50 NY2d 333 [1980]; People v Kendzia, supra).

. However, once the People convert the complaint into a misdemeanor information, the defendant’s failure to retain counsel would clearly be excludable, since it would have no impact upon the People’s ability to present their own case at trial. Such postreadiness delay is not cognizable under CPL 30.30. (See, People v Cortes, 80 NY2d 201, 210, supra.)