OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 This appeal challenges the effectiveness of the People’s prearraignment statement of readiness under CPL 30.30. In the unusual factual circumstances presented, we conclude that, by declaring readiness at a point when they had done everything required of them to bring the case to trial, the People’s statement of readiness tolled the “speedy trial” clock. We therefore reverse the Appellate Division order dismissing the indictment.
 

 I.
 

 A felony complaint was filed on May 31, 1995 in the City Court of Buffalo charging defendants Tonya Carter, Robin Green and Niemah Morgan — as well as two other defendants who are not the subject of this appeal — with assault in the second degree (Penal Law § 120.05 [2]; § 20.00) for beating a
 
 *797
 
 21-year-old man with a wooden bat and a wooden club. No appearance ticket, summons or arrest warrant for defendants was issued nor were defendants arraigned in City Court on the complaint.
 

 The People on November 16, 1995 sent letters to defendants at their last-known addresses (noted on the felony complaint) apprising them of their right to testify before a Grand Jury. The letters were returned undelivered with the notations “no such number” (defendants Green and Morgan) and “attempted, not known” (defendant Carter). The record does not indicate when the District Attorney received the returned letters.
 

 On November 22, 1995, an indictment was filed in Erie County Court charging defendants with assault in the first degree (Penal Law § 120.10 [1]; § 20.00). When the indictment was handed up later that day, the prosecutor announced the People’s trial readiness in open court and again mailed letters to defendants at their last-known addresses. The letters informed defendants of the indictment, the People’s statement of readiness and their scheduled arraignment date of November 28, 1995. Defendants failed to appear as scheduled, and bench warrants were issued; the prosecutor at that time reiterated that the People were ready for trial. Defendants Green and Morgan were ultimately arraigned on December 8, 1995 and defendant Carter on January 3, 1996. At each of these proceedings, the prosecutor again noted the People’s trial readiness.
 

 Defendants then moved to dismiss the indictment pursuant to CPL 210.20 (1) (g) and 30.30 (1) (a), alleging that the People’s readiness statement on November 22, 1995 was premature because defendants were not present and had not yet been arraigned, and therefore the court lacked jurisdiction over them. Because the statement was invalid, argued defendants, and because the People could not demonstrate that they had exercised due diligence in locating them and ensuring their presence at the arraignments, the People in fact were not ready to proceed to trial when the six-month period expired. The People responded that they had complied with CPL 30.30 by announcing their trial readiness in open court and notifying defendants of their readiness in a written communication, and that the delay in arraigning defendants was excludable post-readiness delay attributable to the court.
 

 The motions were argued before a Judicial Hearing Officer who on June 15, 1996 recommended that defendants’ motions be granted and the indictment dismissed. Because the Buffalo
 
 *798
 
 City Court had never acquired control over any of the defendants, the JHO reasoned, it was the People’s obligation to ensure defendants’ appearance for arraignment before the superior court and any delay in doing so was chargeable to the prosecution. Given that defendants were not “produced” within the prescribed six months, in his view, CPL 30.30 had been violated. Supreme Court confirmed the JHO’s recommendation and ordered dismissal of the indictment. On the People’s appeal, the Appellate Division affirmed, without opinion. A Judge of this Court granted leave to appeal to the People. We now reverse.
 

 II.
 

 Pursuant to CPL 30.30 (1) (a), the People must be ready for trial within six months of the commencement of a criminal action accusing a defendant of a felony offense (see
 
 also,
 
 CPL 1.20 [1], [17];
 
 People v McKenna,
 
 76 NY2d 59, 62). In the instant case, the relevant six-month period from May 31, 1995 — when the felony complaint was filed — through November 30, 1995 totaled 183 days. The People were required to state their readiness for trial within that period unless any portions of the period were excludable
 
 (see, People v Sinistaj,
 
 67 NY2d 236, 239;
 
 People v Osgood,
 
 52 NY2d 37, 43;
 
 People v Jones,
 
 105 AD2d 179, 188,
 
 affd
 
 66 NY2d 529).
 

 To be effective, a statement of readiness must be communicated on the record at a time when the People are truly ready to proceed
 
 (see, People v Kendzia,
 
 64 NY2d 331, 337). In
 
 People v Goss
 
 (87 NY2d 792, 794), this Court recognized that where it is possible for the defendant to be arraigned and the trial to go forward within the six-month period, a prearraignment statement of readiness can be valid. Thus, a statement of readiness made contemporaneously with the filing of the indictment can be effective to stop the “speedy trial” clock if the indictment is filed at least two days before the CPL 30.30 period ends
 
 (see,
 
 CPL 210.10 [2];
 
 People v Goss,
 
 87 NY2d at 796-797, supra;
 
 cf., People v England,
 
 84 NY2d 1, 4-5 [prearraignment readiness statement meaningless when People’s conduct made arraignment within statutory period impossible]). Moreover, contrary to defendants’ contention, there is no requirement that a defendant be present in order to establish readiness for trial
 
 (see, People v Cortes,
 
 80 NY2d 201, 213;
 
 People v Correa,
 
 77 NY2d 930, 931;
 
 People v Corley,
 
 175 AD2d 613, 613-614,
 
 lv denied
 
 78 NY2d 1126).
 

 We agree with the People that they made an effective statement of readiness prior to each defendant’s arraignment. On
 
 *799
 
 November 22, 1995 — eight days before expiration of the six-month period — the People filed the indictment, announced their readiness on the record and attempted to notify defendants by sending letters to their last-known addresses. In the absence of proof that the readiness statement did not accurately reflect the People’s position or that the mailing was made in bad faith, the People discharged their duty under CPL 30.30
 
 (see, People v Goss,
 
 87 NY2d at 796-797,
 
 supra; People v Giordano,
 
 56 NY2d 524, 525;
 
 People v Roberts,
 
 176 AD2d 1200,
 
 lv denied
 
 79 NY2d 831).
 

 Our analysis does not end here. Although the People timely answered ready, postreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial
 
 (see, People v McKenna,
 
 76 NY2d at 63-64,
 
 supra; People v Anderson,
 
 66 NY2d 529, 534, 536). We reject the conclusion adopted by the Appellate Division that the People’s dereliction caused the delay in arraigning defendants. Faced with a similar argument in
 
 Goss,
 
 we noted that where “a felony complaint was previously filed in local criminal court, the Criminal Procedure Law imposes a nondelegable duty on the trial court to arraign the defendant” (87 NY2d at 798,
 
 supra).
 
 Responsibility for scheduling an arraignment date and securing a defendant’s appearance lies with the court, not the People
 
 (id.,
 
 at 797). Consequently, the People cannot be charged with the delay between the People’s pre-arraignment declaration of readiness and defendants’ arraignments.
 
 *
 

 In sum, the People are charged with 175 days of delay running from the date they filed the felony complaint (May 31, 1995) to the date of their initial readiness statement (Nov. 22, 1995). As the People were ready for trial within the six-month period and no period of postreadiness delay is chargeable to them, defendants’ motions should have been denied.
 

 Accordingly, the order of the Appellate Division dismissing the indictment should be reversed, defendants’ CPL 30.30 motions to dismiss the indictment denied, and the case remitted to Supreme Court, Erie County, for further proceedings in accordance with this opinion.
 

 
 *800
 
 Judges Titone, Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.
 

 *
 

 Defendants argue that under
 
 People v Bolden
 
 (81 NY2d 146), the People were required to exercise “due diligence” in locating them in order to obtain an exclusion of the period of arraignment delay.
 
 Bolden,
 
 however, relates to the
 
 prereadiness
 
 computation of time within which the People must be ready for trial. Here, where the People have already made an effective declaration of readiness, no comparable “due diligence” requirement exists.