■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL MCCORKLE, Appellant. [697 NYS2d 709] —Carpinello, J. Appeal from a judgment of the County Court of Albany County (Rosen, J.), rendered March 9, 1998, upon a verdict convicting defendant of the crimes of burglary in the second degree and petit larceny.

A felony complaint was filed against defendant on August 7, 1995 charging him with burglary in the second degree and an indictment was handed up on November 3, 1995 charging him with burglary in the second degree and petit larceny. When defendant failed to appear for the scheduled November 8, 1995 arraignment, it was adjourned one day at defense counsel's request. When on the adjourned date defendant again failed to show up, a bench warrant was issued and the People declared their readiness for trial. Defendant was finally arrested on the warrant and arraigned on June 11, 1997.

Convicted as charged following a trial, defendant claims he was denied his right to a speedy trial under CPL 30.30. Defendant specifically claims that the People cannot exclude the 19-month period between the issuance of the bench warrant and his arraignment for speedy trial purposes because they failed to make a showing of due diligence in locating him and bringing him to trial.

Here, the People made a prearraignment statement of readiness well within six months of the August 7, 1995 commencement of the criminal action (see, CPL 30.30 [1]) and defendant offers no persuasive proof that such statement did not accurately reflect their position (see, People v Carter, 91 NY2d 795, 799). Thus, it was possible for him to be arraigned and proceed to trial within the statutory six-month period (see, CPL 210.10 [2]; cf., People v England, 84 NY2d 1) and the prearraignment statement was valid (see, People v Goss, 87 NY2d 792). Because no subsequent dereliction on the People's part prevented defendant from being arraigned and tried (see, People v Carter, supra, at 798-799; People v Goss, supra), the People were timely ready for trial and County Court did not err in denying defendant's motion to dismiss the indictment on this ground. None of the cases relied upon by defendant (see, e.g., People v Sigismundi, 89 NY2d 587; People v Luperon, 85 NY2d 71; People v Bolden, 81 NY2d 146) warrants a contrary conclusion.

As a final matter, upon our review of the entire record, we are satisfied that defendant received meaningful representation (*see, People v Baldi,* 54 NY2d 137).

Mercure, J. P., Crew III, Peters and Graffeo, JJ., concur. Ordered that the judgment is affirmed.