People v Starkey (2004 NY Slip Op 50603(U))

[*1]

People v Starkey

2004 NY Slip Op 50603(U)

Decided on April 28, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 28, 2004

Supreme Court, Kings County
THE PEOPLE OF THE STATE OF NEW YORK
against
CURTIS STARKEY Defendant.
5706-2003

Michael A. Gary, J.
In a motion dated, March 29, 2004, the defendant moves this court for an order dismissing the indictment or for his release from incarceration, claiming that the People have not answered ready for trial. The People have responded in an answer, dated April 20, 2004.
The defendant asserts that the People have failed to announce their readiness for trial within the six month period allotted for prosecution of a felony (CPL § 30.30[1][a]). Both sides do not contest that for purposes of this motion, the action commenced on the date the defendant was arraigned in Criminal Court on the felony complaint, on March 1, 2003. Thus, the People had six months to announce ready for trial, until September 1, 2003, for a total of 184 days. Once the defendant has alleged that more than the allowable time has passed, the People have the burden of demonstrating that time should be excluded from calculation. People v. Berkowitz, 50 NY2d 333.
Defendant was arraigned on the felony complaint in Criminal Court on March 1, 2003, and the case was adjourned for the defendant to be evaluated for a drug treatment program and for the People to present evidence to a grand jury. The People do not contest that the 2 day adjournment from March 1, 2003 until March 3, is chargeable to them. On March 3, the defendant was notified that he was ineligible for treatment and the case was adjourned for action of the grand jury, until March 5. These 2 days are charged to the People. On March 5, 2003 notice of affirmative grand jury action was announced and the case was transferred from Criminal Court to Supreme Court and adjourned for the defendant's arraignment on the indictment, until April 23, 2003.
The People filed and served the indictment and a declaration of readiness on March 27, 2003. While this would normally serve to toll the speedy trial clock, the defense attorney here claims that the service of the indictment and statement of readiness was sent to the wrong address, an address that was not valid for two years. ( The People have attached a copy of the letter sent to Mr. Bark, reflecting the old address, as Exhibit A.) Though the People claim they utilized the 18B list that they had in their possession, the court file clearly reflects, as does the 18B list that the court possesses, that the defense attorney had moved offices well prior to 2002. Thus, this court finds that communication of the People's readiness was not made to the defense attorney(People v. Kendzia, 64 NY2d 331; and People v. Goss, 87 NY2d 792). The People further argue that the court's communication of the date of the arraignment in Supreme Court (attached as Exhibit B) had the equivalent effect as their communication would have. However, the court merely notifies the parties of the time and place of arraignment, and does not declare not whether the People are ready to proceed to trial. Accordingly, though the People filed the statement of readiness with the court along with the indictment on March 27, 2003, all the time from March 5, until April 23, 2003 is charged to the People, for a total of 49 days..
The case appeared in the Supreme Court arraignment part on April 23, 2003, but the defendant was not produced by the Department of Correction. The co-defendant was arraigned, but Mr. Starkey's case was adjourned until April 25, for him to be produced. These 2 days are [*2]charged. On April 25, 2003 the defendant was arraigned, bail was set and an adjournment until June 13, 2003 was granted for the People to submit the grand jury minutes and other motion practice. As an adjournment with the defendant's consent, this period is excluded.
On June 13, 2003 the defendant's attorney was not present, as he was actually engaged on another matter. As he requested, the case was adjourned until July 22, 2003 for him to appear. As an adjournment at the defendant's request this period is excluded. On July 22, 2003 the People requested of the court an opportunity to re-present the case to another grand jury for a possible superseding indictment. The case was adjourned until August 13, 2003 for this purpose. As an adjournment at their request, this period of 22 days is charged.
On August 13, the People had not completed their presentation to the grand jury as one of their witnesses was on vacation, and they requested an opportunity to complete the presentation. Though they argue that this is an exceptional circumstance and therefore should be grounds for exclusion under the statute, a scheduled vacation by a complainant is not the type of exceptional circumstance that the statute contemplates. The case was adjourned until October 1, though the People allege in their papers that they requested only two weeks. Though the minutes of the adjournment are not yet available, the court finds that in spite of the long adjournment, the People actually filed a the superseding indictment with the court on August 29, 2003, along with a statement of readiness, and mailed the same notice to both counsel. Therefore the 16 days from August 13 until August 29 is charged to the People. The defendant argues that the People failed once again to effectively communicate their statement of readiness to the defense attorney, mailing the notices to the old address. However, this court finds that the defense attorney made no effort to correct the error that occurred some months before, as he should have, to insure that all communications from his adversary are properly received. Counsel knew this was a mistake as he noted in his motion paper that he received the notice after the first arraignment. Since he knew this was a mistake, he had an ethical obligation to alert his adversary. Accordingly, the period until the court date of September 16, 2003 the case was advanced on to the court's calendar is excluded.
On September 16, the attorney was in court and the superseding indictment was filed and served. Apparently, the defendant was not produced before the court and therefore the case was adjourned for his arraignment until October 1. These 15 days are charged to the People.
On October 1, 2003 defendant and his attorney were in court and the defendant was arraigned on the instant, superseding indictment. The defendant, still seeking treatment as an alternative to incarceration, requested an adjournment. The case was put over for that possibility as well as for the court to review the grand jury minutes. As an adjournment at the request of the defendant, this period is excluded. The case was adjourned until November 24, 2003.
 On November 24, the defense attorney filed an Affirmation of Actual Engagement and requested that the case be adjourned until early January. At his request, the case was put over until January 6, 2004. This period is excluded.
On January 6, 2004, the court ruled on the sufficiency of the grand jury minutes finding one count defective. Defense counsel once again filed an Affirmation of Engagement and requested an adjournment. The case was put over until January 27, 2004. This period is excluded.
On January 27, final plea offers were made to the defendnat as well as his co-defendant. The defendant requested an opportunity to consider the offer and the court adjourned the case for that purpose until March 1, 2004. As an adjournment at his request, this period is excluded.
On March 1, 2004, the defendant refused the offer of a plea, and the People asked the court for an adjournment to re-present the evidence before another grand jury. As an adjournment at their request, this period of 14 days until March 15, 2004 is charged. On March 15, the People again asked the court for an adjournment to re-present the evidence before a grand jury. The case was adjourned for that purpose, until March 29, 2004. These 14 days are charged to the People.
On March 29, the People announced that they had decided not to re-present the case. However, the defendant filed and served the instant motion, necessitating the next adjournment [*3]for its consideration. As an adjournment to consider this motion, this period is excluded pursuant to CPL § 30.30 (4)(a).
Finding a total of 132 days of chargeable time has passed, the court must deny the defendant's motion to dismiss on speedy trial grounds. However, the motion for release under CPL 30.30 (2) (a) is hereby granted. The defendant has been continuously incarcerated for more than 90 days of chargeable time.
The foregoing constitutes the decision and order of the court.
Dated: Brooklyn, New York
 April 28, 2004