# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1017
KA 11-00105
PRESENT: CENTRA, J.P., FAHEY, SCONIERS, GREEN, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, APPELLANT,

V                                        MEMORANDUM AND ORDER

DESHAUN FULMER, DEFENDANT-RESPONDENT.

---

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-RESPONDENT.

-----------------------------------------------------------------------------------

Appeal from an order of the Onondaga County Court (Joseph E. Fahey, J.), dated July 7, 2010. The order granted the motion of defendant to dismiss the first superceding indictment.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law, the motion is denied, the first superseding indictment is reinstated and the matter is remitted to Onondaga County Court for further proceedings on that indictment.

Memorandum: The People appeal from an order granting defendant's motion to dismiss the first superseding indictment on statutory speedy trial grounds (*see* CPL 30.30 [1] [a]). We agree with the People that defendant's statutory speedy trial rights were not violated and thus that reversal is required. The People declared their readiness for trial within six months of the filing of the first accusatory instrument (*see* CPL 30.30 [1] [a]; *see generally People v Carter*, 91 NY2d 795, 798). County Court granted defendant's motion to dismiss the first superseding indictment on the ground that the People were charged with periods of postreadiness delay when they failed to act for a period of at least three weeks in obtaining a second saliva sample from defendant for DNA testing upon realizing that the first sample had been erroneously destroyed. "[P]ostreadiness delay may be charged to the People when the delay is attributable to their inaction and directly implicates their ability to proceed to trial" (*Carter*, 91 NY2d at 799). Here, the absence of the DNA sample did not implicate the People's ability to proceed to trial inasmuch as the People remained ready to proceed to trial even in the absence of the DNA test results (*see People v Wright*, 50 AD3d 429, 430, *lv denied* 10 NY3d 966; *People v Bargerstock*, 192 AD2d 1058, *lv denied* 82 NY2d 751).

Entered:  September 30, 2011                        Patricia L. Morgan
                                                    Clerk of the Court