People v Kniffin (2019 NY Slip Op 07176)





People v Kniffin


2019 NY Slip Op 07176


Decided on October 4, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.


869 KA 16-02260

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEREMY E. KNIFFIN, DEFENDANT-APPELLANT. 






LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (William F. Kocher, J.), rendered October 28, 2016. The judgment convicted defendant, upon a jury verdict, of criminal mischief in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the indictment is dismissed without prejudice to the People to file any appropriate charges.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal mischief in the fourth degree (Penal Law § 145.00 [3]) arising from allegations that defendant caused damage to a newly resurfaced road that was under repair by spinning the tires of his vehicle on the road. Defendant contends that County Court erred in denying his motion to dismiss the indictment pursuant to CPL 30.30. Initially, although the People contend that defendant waived that contention by failing to move for that relief upon reasonable notice to the People (see CPL 210.45 [1]; People v Baxter, 216 AD2d 931, 931 [4th Dept 1995]; see generally People v Lawrence, 64 NY2d 200, 203 [1984]), we are "precluded from affirming on that ground inasmuch as the court did not rule on that issue" (People v Davis, 159 AD3d 1531, 1534 [4th Dept 2018]; see CPL 470.15 [1]; People v LaFontaine, 92 NY2d 470, 473-474 [1998], rearg denied 93 NY2d 849 [1999]). Nevertheless, defendant's contention lacks merit. "[A] statement of readiness made contemporaneously with the filing of the indictment can be effective to stop the speedy trial' clock if the indictment is filed at least two days before the CPL 30.30 period ends" (People v Carter, 91 NY2d 795, 798 [1998]). Here, the indictment was so filed, and the prosecutor thereafter promptly notified defense counsel of the statement of readiness (see People v Freeman, 38 AD3d 1253, 1253 [4th Dept 2007], lv denied 9 NY3d 875 [2007], reconsideration denied 10 NY3d 811 [2008]; People v Smith, 1 AD3d 955, 956 [4th Dept 2003], lv denied 1 NY3d 634 [2004]; see also Carter, 91 NY2d at 798-799).
We agree with defendant, however, that the single-count indictment was rendered duplicitous by the trial evidence. CPL 200.30 (1) provides that "[e]ach count of an indictment may charge one offense only." Thus, "acts which separately and individually make out distinct crimes must be charged in separate and distinct counts" (People v Bauman, 12 NY3d 152, 154 [2009]). Here, the indictment charged defendant with damaging "the road surface at the intersection of Woolhouse Road and County Road #32" and thus was not facially defective. At trial, however, the evidence established that defendant committed two distinct offenses by damaging two different portions of the road at that intersection at two different times. Consequently, "[r]eversal is required because the jury may have convicted defendant of an unindicted [act of criminal mischief], resulting in the usurpation by the prosecutor of the exclusive power of the [g]rand [j]ury to determine the charges . . . , as well as the danger that . . . different jurors convicted defendant based on different acts" (People v Wade, 118 AD3d 1370, 1371-1372 [4th Dept 2014], lv denied 24 NY3d 965 [2014] [internal quotation marks omitted]; [*2]see People v Clark, 6 AD3d 1066, 1068 [4th Dept 2004], lv denied 3 NY3d 638 [2004]; cf. People v Gianni, 303 AD2d 1012, 1012-1013 [4th Dept 2003], lv denied 100 NY2d 581 [2003]). We therefore reverse the judgment and dismiss the indictment without prejudice to the People to file any appropriate charges (see generally People v Cox, 145 AD3d 1507, 1507-1508 [4th Dept 2016], lv denied 29 NY3d 1030 [2017]).
Entered: October 4, 2019
Mark W. Bennett
Clerk of the Court