People v Colley (2024 NY Slip Op 50210(U))

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}
.auto-style1 {
text-align: center;
}
.auto-style2 {
font-weight: bold;
text-decoration: underline;
}
.auto-style3 {
text-align: left;
}
.auto-style4 {
text-decoration: underline;
}

[*1]

People v Colley

2024 NY Slip Op 50210(U)

Decided on March 1, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.



Decided on March 1, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

againstRena Colley, Defendant.
Docket No. CR-018781-23BX

For the People:Darcel D. Clark, District Attorney, Bronx Countyby: ADA Rymea Bond
For the Defendant:The Bronx Defenders 
by: Eleanor Khirallah, Esq.
Yadhira González-Taylor, J.

By motion to dismiss dated December 20, 2023, defendant moved, inter alia, to dismiss the accusatory instrument pursuant to CPL §§ 30.30 (1) and 170.30 (1) (e) because the People did not convert the misdemeanor complaint within their statutorily allotted time, nor did they declare their readiness for trial before the close of business on the ninetieth day following arraignment. The People oppose the motion.
Upon review and consideration of the submissions, court file, and relevant legal authority, the Court finds that the People could not have timely declared their readiness for trial prior to conversion of the accusatory instrument and, thus, dismissal pursuant to CPL §§ 30.30 (1) and 170.30 (1) (e) is GRANTED.

RELEVENT PROCEDURAL BACKGROUND
On August 28, 2023, defendant Rene Colley was arrested and charged with one count each Penal Law ("PL") §§ 120.14 (1) (menacing in the second degree), 265.01 (2) (criminal possession of a weapon in the fourth degree), both misdemeanors, and 240.26 (1) (harassment in the second degree), a violation, and following her arraignment on August 29, 2023 on the misdemeanor complaint, defendant was released on her own recognizance. On November 28, 2023 at 11:16 p.m., the People filed and served off-calendar their Certificate of Compliance ("CoC"), Statement of Readiness, Affidavit of Translation and a Superseding Information ("SSI"). At the conference held on December 4, 2023, the complaint was deemed an information, defendant was arraigned on the SSI and defense counsel requested a 30.30 motion schedule. 

DISCUSSION
I. The Parties' Arguments
Initially, counsel posits that the People did not convert the misdemeanor complaint to an information prior to the expiration of their speedy trial time (affirmation of defendant's counsel at 6). Defendant further avers that defendant could not be arraigned on the converted instrument prior to the expiration of the prosecution's speedy trial time (affirmation of defendant's counsel at 6). Counsel maintains that the People did not declare their readiness for trial within ninety days because they filed their CoC after the close of business (affirmation of defendant's counsel at 7).
The People assert that caselaw is silent concerning whether the filing of a supporting deposition after "business hours" on the 90th day following arraignment is timely (People's affirmation at 3). Conversely, the prosecution argues that there is precedent supporting their contention that their CoC filing at 11:16 p.m. on November 28, 2023, was timely (People's affirmation at 5). Lastly, the People argue that if their CoC is deemed timely, their speedy trial clock is tolled at ninety days and, therefore, defendant's subsequent arraignment on the converted instrument would necessarily occur on the 90th day following her arraignment (People's affirmation at 5).
Defendant's reply brief argues that the assigned ADA's delay in filing the People's opposition, albeit occasioned by medical leave, should result in 17 additional days charged to the People (reply affirmation of defendant's counsel at 3-6). Lastly, counsel argues that if the People were charged with 17 additional days of speedy trial time, their declaration of trial readiness must be deemed untimely (reply affirmation of defendant's counsel at 3-6).
II. The Court's AnalysisCriminal Procedure Law § 170.65 (1) holds, in pertinent part, that "[a] defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must, except as provided in subdivision three, be replaced by an information, and the defendant must be arraigned thereon" (see CPL§ 170.65 [1] [emphasis added]). Moreover, "[i]f the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information" (see CPL§ 170.65 [1]). Accordingly, when the People filed their SSI at 11:16 p.m. on November 28, 2023, they converted the misdemeanor complaint to an information.
However, the prosecution's argument that their contemporaneous CoC filing suspended their 30.30 time and, thus, permitted defendant to be arraigned in perpetuity within the statutory speedy trial period, is without merit because the facts at bar demonstrate that the People could not validly declare readiness for trial pursuant to CPL § 30.30 prior to defendant's arraignment on the converted instrument.
In People v England, the Court of Appeals held that a defendant's arraignment is "an elemental prerequisite to trial readiness," and found that the prosecution had inexplicably delayed presentment to the Grand Jury such that arraignment on the indictment occurred after its speedy trial time had already expired (see England, 84 NY2d 1, *3 [1994]). Consequently, the People's preliminary declaration of readiness before conversion rang hollow, and their speedy trial time had already run before they filed their supplemental CoC following arraignment on the indictment (see England, 84 NY2d at *5).
In People v Gross, the Court of Appeals revisited the issue, holding that "a declaration of readiness prior to arraignment is illusory in the unusual circumstances where arraignment is impossible and that impossibility is attributable solely to the People" (see Gross, 87 NY2d 792, [*2]796-797 [1996] [emphasis added][internal citations omitted]; compare England, 84 NY2d at *3, with People v Brown, 8 Misc 3d 1006 [A], 2005 NY Slip Op 50947 [U], *2 [Crim Ct, New York County 2005]["[I]t was possible to arraign the defendant on the superceding information prior to the expiration of the statutory speedy trial period"]).
Here, the People's CoC filing on the 90th day was illusory because it was not possible to arraign defendant on the SSI prior to the expiration of their statutory speedy trial time since the prosecution did not convert the accusatory instrument until 11:16 p.m. on the 90th day. Moreover, the People have not advanced any argument that the delay in converting the complaint should not be solely attributable to the prosecution.
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time (see CPL § 30.30 [1] [b]); People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the People to identify excludable delays (see Luperon, 85 NY2d at 78). In the case at bar, the prosecution's 30.30 calculation commenced on August 30, 2023, the day following defendant's arraignment on the misdemeanor complaint. However, the People did not validly declare readiness for trial before the expiration of their speedy trial time (see People v Kendzia, 64 NY2d 331, 337 [1985]; see also, England, 84 NY2d at *3).
Accordingly, the Court finds that the prosecution was untimely pursuant to CPL §§ 30.30 (1) and 170.30 (1) (e).

CONCLUSION
Based upon the foregoing, defendant's motion to dismiss is GRANTED.
This constitutes the opinion, decision, and the order of the Court.
Dated: March 1, 2024Bronx, New YorkHon. Yadhira González-Taylor, J.C.C.