People v Armstrong (2025 NY Slip Op 50574(U))

[*1]

People v Armstrong

2025 NY Slip Op 50574(U)

Decided on April 25, 2025

Criminal Court Of The City Of New York, Bronx County

Moore, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 25, 2025
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Debbie Armstrong, Defendant.

Docket No. CR-022473-23BX

For the Defendant: 
The Legal Aid Society
(by: Dominique Perez, Esq.)
For the People: 
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Alfonso Nazzaro)

Deidra R. Moore, J.

On October 12, 2023, Defendant was arrested and charged with two counts of Penal Law ("P.L.") § 120.00(1), a class A misdemeanor, and two counts of P.L. § 240.26(1), a violation. Defendant was arraigned on October 13, 2023, and released on her own recognizance.
On February 28, 2025, the defendant moved to dismiss the accusatory instrument pursuant to Criminal Procedure Law ("C.P.L.") § 30.30, which requires the prosecution to be ready for trial within a specified time period dependent on the top count charged. By affirmation filed March 19, 2025, the People opposed. On April 3, 2025, the defendant replied.
Upon review and consideration of the submissions, court file and relevant legal authority, the Court finds that the prosecution did not validly declare its readiness for trial within the statutorily allowed ninety-day speedy trial period. Therefore, Defendant's motion is GRANTED.
 RELEVANT PROCEDURAL BACKGROUND
On October 12, 2023, defendant Debbie Armstrong was arrested and charged with Assault in the Third Degree (P.L. § 120.00(1)), a class A misdemeanor, and related charges. The next day, Defendant was arraigned and released on her own recognizance. The case was adjourned to December 5, 2023, for the filing of a supporting deposition, Certificate of Compliance ("COC"), and Statement of Readiness ("SOR").
On December 5, 2023, the defendant did not appear in court. A warrant was issued but stayed until December 18, 2023. On December 18, 2023, when the defendant again did not appear in court, the warrant was ordered. On December 6, 2024, the defendant was involuntarily returned to court, and the warrant was vacated. The case was adjourned for conversion and compliance to February 24, 2025.
On January 13, 2025, at approximately 6:00 p.m., the prosecution filed and served a [*2]supporting deposition, COC, and SOR. The supporting deposition included the complainant's signature with a handwritten date of November 30, 2023.

DISCUSSION
I. Applicable Legal Standard
The prosecution must be ready for trial within ninety days of the commencement of the criminal action where, as here, the top count charged is a class A misdemeanor (see C.P.L. § 30.30(1)(b)).
Trial readiness means that the People have "done all that is required of them to bring the case to a point where it may be tried" (People v. England, 84 NY2d 1, 4 [1994]). In order to validly declare its readiness—and toll the speedy trial clock—the prosecution must: 1) file a valid accusatory instrument upon which the defendant may be tried; and, 2) file a valid certificate of compliance certifying compliance with all discovery obligations pursuant to C.P.L.§ 245.20 (see C.P.L. §§ 30.30(5) and 245.50(3); People v. Caussade, 162 AD2d 4, 8 [2nd Dept 1990]).
Pursuant to C.P.L. § 170.65(1), where a defendant is charged by misdemeanor complaint, the complaint must be replaced or converted via supporting deposition to an information, and the defendant arraigned thereon.[FN1]
Arraignment on the information must occur prior to the commencement of trial. In People v. England, the Court of Appeals held that "arraignment is an elemental prerequisite to trial readiness," and found illusory a statement of readiness where arraignment of the defendant prior to the expiration of the statutorily allowed speedy trial period was impossible (84 NY2d 1, 4-5 [1994]).
Periods of delay caused by the defendant's absence, however, are not charged to the prosecution (see C.P.L. § 30.30(4)(c)(i)). Nor are delays caused by court congestion or scheduling. (People v. England, 84 NY2d 1, 4 [1994]). C.P.L. § 30.30(4)(g) further allows for the exclusion of "periods of delay caused by exceptional circumstances," including delay caused by the unavailability of evidence despite the prosecution's exercise of due diligence, or exceptional case circumstances which warrant additional time to prepare for trial (see C.P.L. 30.30(4)(g)(i) and (ii)).
II. The Parties' Arguments
Both parties agree that the prosecution filed and served the supporting deposition, COC, and SOR after the close of business on the 90th chargeable day. The defense advances no arguments contesting the validity of the COC. Here, the sole issue is whether the filing of the supporting deposition after hours on the 90th chargeable day rendered the prosecution's statement of readiness illusory.
The Defense contends that the prosecution's statement of readiness was illusory: because the supporting deposition was filed after the close of business on the 90th day, the defendant [*3]could not possibly be arraigned on the misdemeanor information until the 91st day. Since arraignment on the information is a prerequisite to the commencement of trial, the People were not actually ready.
The defense relies on the Court of Appeals' holdings in People v. England (84 NY2d 1 [1994]) and People v. Goss (87 NY2d 792 [1996]). In People v. England, the Court of Appeals found illusory a statement of readiness filed with an indictment on the last day of the speedy trial period; because C.P.L. § 210.10(2) required the felony defendant to be notified at least two days prior to arraignment—and arraignment must occur prior to the commencement of trial—the prosecution's statement of readiness was "meaningless" (84 NY2d 1, 4-5 [1994). Two years later, in People v. Goss, the Court of Appeals found valid a pre-arraignment statement of readiness filed five days prior to the expiration of the relevant speedy trial period (87 NY2d 792 [1996]). The Goss court held that, while it was possible for the prosecution to validly state ready prior to arraignment, a pre-arraignment statement of readiness was illusory where it was impossible to arraign the defendant within the statutory speedy trial period, and "that impossibility [was] attributable solely to the People" (id. at 797).
The prosecution argues that People v. Goss (87 NY2d 792 [1996]) stands for the proposition that the People's pre-arraignment statement of readiness is not illusory unless arraignment on the information within the statutorily allowed speedy trial period is "legally impossible" (People's Affirmation in Opposition at 5, emphasis added). Because New York Criminal Procedure Law does not require notice to a misdemeanor defendant prior to arraignment on the information, the prosecution argues, there was no "legal impediment" to the defendant here being arraigned on the information before the expiration of its ninety-day speedy trial clock. The prosecution further contends that, because arraignment is exclusively a court function, any delay between a statement of readiness and arraignment of the defendant is attributable to the court, not the People—including the delay between the regularly scheduled closure of court on one business day and its reopening the next (citing People v. Goss, 87 NY2d 792, 797 [1996]).
III. The Court's Analysis
This court disagrees with the prosecution's reading of People v. Goss (87 NY2d 792 [1996]). Here, the prosecution narrows Goss's holding so as to only invalidate statements of readiness where arraignment on the information within the speedy trial period is legally—but not practically—impossible. In Goss, however, it was both legally and practically possible to arraign the defendant prior to the running of the speedy trial period. Because C.P.L. § 210.10(2) required the Goss defendant to be notified at least two days prior to arraignment, a minimum of two full business days remained for the defendant's potential arraignment.
Further, while Goss articulates that, since it is the court's function to arraign a defendant, the prosecution should not be charged for delays between a statement of readiness and arraignment, this premise is clearly intended to insulate the prosecution from being charged for delays that are beyond its control, whether due to court congestion or merely the need for the court to "set its own calendar" (see People v. Goss, 87 NY2d 792, 797 [1996]; People v. England, 84 NY2d 1, 4-5 [1994]). Nowhere does the Goss holding indicate that the regularly scheduled hours between court closure on one business day and reopening the next is the kind of [*4]"delay" that should be attributed to the court.[FN2]

Interpreting England (84 NY2d 1 [1994] and Goss (87 NY2d 792 [1996]), multiple trial courts have found statements of readiness illusory where the supporting deposition was filed after close of business on the 90th chargeable day, reasoning that it was not possible for the defendant to be arraigned until the 91st day, and, as arraignment on the information must occur prior to the commencement of trial, the prosecution's statement of readiness was illusory (People v. Alcantara, Crim Ct, Bronx County, September 23, 2024, Chin, J., Docket No. CR-007626-24BX; People v. Brijmohan, Crim Ct, Bronx County, July 27, 2021, Beller, J., Docket No.CR-000408-21BX; People v. Colley, 204 NYS3d 923 [2024]). In the same vein, multiple trial courts have found that statements of readiness were valid where the supporting deposition was filed up until the close of business on the 90th chargeable day, since—while inconvenient—it was theoretically possible to procure the defendant's appearance for arraignment on the information within the prosecution's ninety-day speedy trial period (see People v. Becton, 2024 NY Slip Op 50349(U) [Crim Ct Bronx County] (finding a statement of readiness valid where the supporting deposition was filed after close of business on the 89th day); People v. Boateng, 2022 NY Slip Op 50017(U) [Crim Ct Bronx County] (finding a statement of readiness valid where the supporting deposition was filed at 4:50 p.m. on the 90th chargeable day)).
Here, the defendant could not be arraigned on the misdemeanor information prior to the 91st day, as the prosecution first filed its supporting deposition following the close of business on its 90th chargeable day. This impossibility is attributable solely to the People. The People could have filed the supporting deposition, dated November 30, 2023, at any adjournment date following receipt. The People could have filed the supporting deposition off-calendar any time between their receipt of the document and close of business on the 90th chargeable day. They did not. 
Moreover, the court's regular closure at 5:00 p.m. on January 13, 2025—a Monday—was not unexpected, nor out of the ordinary. The People must be well aware that court generally operates from 9:00 a.m. to 5:00 p.m. Monday through Friday. Indeed, the prosecution notes in its affirmation that if the last day of a speedy trial period falls on a Saturday, Sunday, or public [*5]holiday, they are allowed until the next business day to file the documents necessary to toll the speedy trial clock (People's Affirmation in Opposition at 4-5).
Finally, if the People could not be ready for trial within the statutory speedy trial period due to exceptional circumstances, they could have argued that a portion of time was not chargeable pursuant to C.P.L. § 30.30(4)(g). This provision allows for the exclusion of periods of delay where, for instance, evidence is not yet available despite the exercise of due diligence, or the exceptional circumstances of a particular case warrant additional time to prepare for trial.
The People have at their disposal multiple tools and safeguards, via statute and case law, to prevent C.P.L. § 30.30 dismissal when they have exercised due diligence and the ability to be ready for trial within the statutorily allowed period is beyond their control. Here, the prosecution delayed the filing of its supporting deposition until court had closed, as regularly scheduled, on the 90th day of the speedy trial period. It cannot blame the impossibility of arraigning the defendant within the statutorily allowed period on anyone but itself.

 THE CPL § 30.30 CALCULATION
The speedy-trial clock commenced on October 14, 2023, the day following defendant's arraignment. When the defendant did not appear on December 5, 2023, the clock stopped (October 14, 2023 — December 5, 2023 = 53 days charged). The speedy-trial clock began to run again when the defendant was returned to court on December 6, 2024. The prosecution filed its supporting deposition, COC, and SOR off calendar after business hours on January 13, 2024. However, as discussed above, the first opportunity for the defendant to be arraigned on the misdemeanor information—and for the prosecution to validly declare its readiness—would have been January 14, 2025 (December 6, 2024 — January 13, 2025 = 38 days charged). Accordingly, 91 days are chargeable to the People, and the prosecution's speedy trial clock has elapsed.

CONCLUSION
Upon review and consideration of the submissions, court file and relevant legal authority, Defendant's motion to dismiss pursuant to CPL §§ 30.30 and 170.30(1)(e) is GRANTED.
This constitutes the opinion, decision, and the order of the Court.
Dated: April 25, 2025
Bronx, New York
Hon. Deidra R. Moore, J.C.C.

Footnotes

Footnote 1:Replacement or conversion of misdemeanor complaint to information is not required, however, where a defendant waives prosecution by information (see C.P.L. § 170.65(3)).

Footnote 2:The advent of EDDS has presented new issues regarding the timing and validity of documents filed after close of business. In People v. Antoine, the court found invalid a statement of trial readiness made for the first time after close of business on the last C.P.L. § 30.30 day (85 Misc 3d 1203(A) [Crim Ct Queens County 2025]). The court noted, "[t]he High Court has ruled that prosecutors cannot state ready at a time that makes trial within the statutory period impossible. The advent of EDDS is irrelevant to this doctrine. It allows for documents to be filed after hours, not for trials to be conducted at night" (id. at fn 1, internal citations and quotation marks omitted).

While this court decides a different issue than that decided by the Antoine court, we find relevant this clear expression of what EDDS can and cannot do. EDDS here allowed for the prosecution to file their supporting deposition after the close of business; EDDS did not make possible the defendant's arraignment between 6:00 p.m. and midnight on the last day of the prosecution's speedy trial period.