People v Morris (2025 NY Slip Op 03261)

People v Morris

2025 NY Slip Op 03261

Decided on May 29, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 29, 2025

Before: Moulton, J.P., Friedman, Scarpulla, O'Neill Levy, Michael, JJ. 

Ind. No. 193/20|Appeal No. 4467|Case No. 2022-05781|

[*1]The People of the State of New York, Respondent,
v
Tyshawn Morris, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (Curtis J. Farber, J.), rendered December 22, 2022, convicting defendant, upon his guilty plea, of assault in the first degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.
The court properly denied defendant's motion to controvert the warrant for his cell phone. The warrant's authorization to review all contents of the phone "in order to locate evidence, fruits, and instrumentalities of the Subject Crimes" was not overbroad or insufficiently particular where the warrant included a detailed and particularized list of the information to be seized (see United States v Galpin, 720 F3d 436, 445-446 [2d Cir 2013]; United States v Riley, 906 F2d 841, 844 [2d Cir 1990]). Defendant's contention that execution of the warrant was untimely under CPL 690.30(1) is foreclosed by our decision in People v Ruffin (178 AD3d 455, 455 [1st Dept 2019]).
Defendant's CPL 30.30 motion was properly denied. Both of the post-readiness delays at issue were attributable to court congestion and not to the People (see People v Labate, 42 NY3d 184, 191-192 [2024]). Defendant's non-production on the two dates in question was not the fault of the People and it was not "the People's dereliction that [prevented] the defendant's trial from going forward" (People v Goss, 87 NY2d 792, 797 [1996]). Notably, defense counsel waived defendant's appearance on both dates.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 29, 2025