■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD MITCHELL, Appellant.—Judgment, Supreme Court, New York County (Richard Andrias, J., at suppression hearing, plea and sentence), rendered September 12, 1990, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a predicate felony offender, to a term of 2½ to 5 years imprisonment, unanimously affirmed.

Although the information supplied to the police was based on hearsay, probable cause existed to arrest defendant for criminal possession of a weapon, it appearing that the informant had some basis of knowledge for the information imparted and that the information was reliable (People v Johnson, 66 NY2d 398, 402). The citizen informant provided detailed information that an armed antagonist would be returning once more to "get" the informant's brother, and he agreed to and did successfully carry out a plan to identify the antagonist for the police officers. As an identified private citizen coming forward to report criminal activity, the informant was presumptively reliable (see, People v Cantre, 95 AD2d 522, 526, affd 65 NY2d 790). The basis of his knowledge was clear, as he was relaying an imminent threat conveyed to him by the antagonist's friend. The informant's reliability was enhanced by the fact that had his story not been true, he would have been exposing himself to the risk of prosecution for providing false information to the police. Accordingly, the suppression court properly concluded that probable cause existed to arrest defendant. Concur—Sullivan, J. P., Wallach, Kassal and Rubin, JJ.