■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OMAR SHARIF ALI, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered December 13, 1989, convicting him of scheme to defraud in the first degree, grand larceny in the second degree, grand larceny in the third degree (four counts), attempted grand larceny in the second degree, criminal possession of a forged instrument in the second degree (seven counts), and offering a false instrument for filing in the first degree (eight counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Since the defendant failed to renew his objection to the submission of the count of enterprise corruption to the jury at the close of the trial, this claim is not preserved for appellate review (*see,* CPL 470.05 [2]). In any event, we find that the submission of this count to the jury did not constitute reversible error, particularly in light of the strong evidence of the defendant's guilt on the other counts.

CPL 210.40 (2) provides that a court *may* dismiss a count of enterprise corruption if it finds that the prosecution for that

crime is inconsistent with the stated legislative findings of Penal Law article 460. Here, the court indicated that it would submit the count of enterprise corruption to the jury but would vacate any conviction thereon based on its belief that the evidence was insufficient to sustain that count. The court correctly noted that, if it had dismissed the count before it went to the jury, the People would have been foreclosed from taking an appeal, whereas if a conviction had resulted and the count was subsequently dismissed, the People would retain their right to appeal. The defendant's right to appeal was also protected. Thus, the reservation of decision on the motion to dismiss the enterprise corruption charge until such time as a jury returned a verdict was appropriate (see, People v Marin, 102 AD2d 14, affd 65 NY2d 741; CPL 290.10 [1]).

In light of the overwhelming evidence of the defendant's knowing participation in the various property schemes, we do not agree that submission of the enterprise corruption count unfairly prejudiced the jury against him. The jury acquitted the defendant of enterprise corruption as well as charges stemming from two properties, indicating that it was able to separate the proof with respect to each count, and apply the law with respect to each count.

The defendant contends that the People failed to prove that he possessed the requisite intent to commit larceny against the actual owners of the properties to which he executed forged deeds and powers of attorney. Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt on these counts beyond a reasonable doubt, as he and his cohorts executed fraudulent documents purporting to transfer ownership of real property to themselves and effectively deprived the true owners of their properties. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have examined the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.