■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS KITCHEN, Appellant. (Appeal No. 1.) [653 NYS2d 50] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting defendant after a jury trial of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), defendant contends that County Court erred in denying his motion to suppress the cocaine seized because his initial arrest for harassment was concededly illegal under CPL 140.10 (1) (a). We disagree. The seizure of the cocaine from the attic of the home where defendant was initially arrested was attenuated from that initial illegal arrest for harassment and was based on probable cause independently developed (*see, People v Rogers*, 52 NY2d 527, 533, *rearg denied* 54 NY2d 753, *cert denied* 454 US 898, *reh denied* 459 US 898; *see also, Wong Sun v United States*, 371 US 471; *People v Johnson*, 66 NY2d 398, 402; *People v Mitchell*, 181 AD2d 583, *lv denied* 80 NY2d 896). Because the arrest based on defendant's possession of the cocaine seized from the attic was lawful, the search of defendant's person and seizure of cocaine incident to that lawful arrest was authorized.

We reject the contention of defendant that the court erred in denying his CPL 30.30 speedy trial motion (*see, People v Goss*, 87 NY2d 792; *cf., People v England*, 84 NY2d 1, *rearg denied* 84 NY2d 846). Defendant's reliance on *People v England (supra)* is misplaced because, here, the People declared their readiness for trial and it was possible for defendant to be arraigned on the indictment within the statutory period.

We further reject the contentions of defendant that the attorney who represented him when he entered his guilty pleas in connection with indictment Nos. 94-641-1 and 94-836-1 had a conflict of interest and that the court erred in refusing to

permit him to withdraw as defendant's attorney. Lastly, we conclude that the contention of defendant that the sentences imposed are either unduly harsh or severe is without merit. (Appeal from Judgment of Onondaga County Court, McCarthy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.