permit him to withdraw as defendant's attorney. Lastly, we conclude that the contention of defendant that the sentences imposed are either unduly harsh or severe is without merit. (Appeal from Judgment of Onondaga County Court, McCarthy, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS KITCHEN, Appellant. (Appeal No. 2.) [652 NYS2d 563] —Judgment unanimously affirmed. Same Memorandum as in *People v Kitchen* (234 AD2d 964 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Brandt, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present— Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURTIS KITCHEN, Appellant. (Appeal No. 3.) [652 NYS2d 564] —Judgment unanimously affirmed. Same Memorandum as in *People v Kitchen* (234 AD2d 964 [decided herewith]). (Appeal from Judgment of Onondaga County Court, Brandt, J.—Robbery, 1st Degree.) Present—Lawton, J. P., Fallon, Wesley, Balio and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK MITCHELL, Appellant. [653 NYS2d 459] — Judgment unanimously affirmed. Memorandum: Defendant contends that he was denied his right to counsel (*see*, US Const Sixth Amend; NY Const, art I, § 6) because the pretrial court erred in failing to provide him with counsel from June 29, 1992 to July 30, 1993. Under the circumstances of this case, we conclude that defendant was not deprived of his right to counsel. The lack of counsel was caused by defendant having repeatedly advised the court that he would retain counsel, the court's proper determination that he was ineligible for the Assigned Counsel program, and his failure to submit a sworn statement concerning a change in his financial status. Moreover, the record establishes that, upon determining that defendant was entitled to assigned counsel, the court immediately assigned counsel and allowed counsel to conduct the defense as if he had been appointed prior to defendant's arraignment.

We further conclude that the court properly denied defendant's motion to dismiss the indictment on the ground that defendant was denied his statutory right to a speedy trial. The criminal proceeding against defendant commenced with the filing of a felony complaint on September 19, 1991, and the People announced their readiness for trial on February 27,