THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THEODORE PRICE, Appellant. [651 NYS2d 815] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of criminal possession of stolen property in the third degree, criminal mischief in the third and fourth degrees and leaving the scene of an accident without reporting. There is no merit to the contention of defendant that County Court erred in denying his CPL 30.30 motion. The felony complaint was filed on December 14, 1993, in the local criminal court. On June 10, 1994, an indictment was filed in Onondaga County Court. On the same date, the People announced their readiness for trial in open court and sent defense counsel a letter advising of their readiness. On June 13, 1994, the court advised defendant that his arraignment date had been scheduled for June 21, 1994. Defendant was arraigned as scheduled and the People reiterated their readiness on that

date. Under the circumstances, it was possible for defendant to be arraigned and the trial to proceed within the six-month statutory period and, therefore, we conclude that the People's prearraignment statement of readiness is valid (*see, People v Goss*, 87 NY2d 792, 796-797). Additionally, we conclude that defendant's right to a speedy trial was not violated by any post-readiness delays attributed to the People (*see, People v Harris*, 82 NY2d 409, 413; *see generally, People v McKenna*, 76 NY2d 59, 63-66).

There is no merit to the contentions of defendant that: (1) his sentence is illegal; (2) the court erred in denying his motion to dismiss counts six and eight of the indictment on the grounds that they did not comply with CPL 200.50 (7) (a); (3) the court erred in refusing to charge unauthorized use of a motor vehicle as a lesser included offense of criminal possession of stolen property in the third degree; (4) the People's proof failed to conform to the bill of particulars regarding ownership of the vehicle in issue; and (5) the verdict on counts one and three of the indictment is against the weight of the evidence.

Lastly, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Cunningham, J.—Criminal Possession Stolen Property, 3rd Degree.) Present—Denman, P. J., Pine, Wesley, Doerr and Balio, JJ.