■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUBEN BELTRE-PINEDA, Respondent. [665 NYS2d 167] —Order unanimously reversed on the law, motion denied, indictment reinstated and matter remitted to Onondaga County Court for further proceedings on the indictment. Memorandum: County Court erred in granting defendant's motion to dismiss the indictment pursuant to CPL 30.30. Because the People declared their readiness seven days before the expiration of the six-month period, it was possible for the court to arraign defendant within the statutory period. Thus, the People's announcement of readiness was not invalid because it preceded defendant's arraignment (*see, People v Goss,* 87 NY2d 792, 797; *People v Kitchen,* 234 AD2d 964, *lv denied* 89 NY2d 1095; *People v Price,* 234 AD2d 973; *People v Clarke,* 233 AD2d 831, *lv denied* 89 NY2d 1010, 90 NY2d 856). The ensuing delay in executing the bench warrant issued upon defendant's failure to appear for arraignment is not chargeable to the People. Post-readiness delay is chargeable to the People only if "it is the People's dereliction that [prevents] the defendant's trial from going forward" (*People v McKenna,* 76 NY2d 59, 64). "Arraigning a defendant upon an indictment is exclusively a court function" (*People v Goss, supra,* at 797). Thus, any delay in arraignment was attributable solely to the court and is not chargeable to the People (*see, People v Goss, supra,* at 798; *see also, People v Williams,* 229 AD2d 603, *lv denied* 89 NY2d 931; *People v Myers,* 171 AD2d 148, *lv denied* 79 NY2d 922). (Ap-

peal from Order of Onondaga County Court, Brandt, J.—
Dismiss Indictment.) Present—Green, J. P., Lawton, Wisner,
Balio and Boehm, JJ.