■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY BENNETT, Appellant. [785 NYS2d 526]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered February 15, 2002, convicting him of murder in the second degree, criminal

possession of a weapon in the second degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of murder in the second degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The evidence established that the defendant shot at the victim several times at close range. The victim, who was shot in the neck and chest, died as a result of his injuries.

The defendant was acquitted of intentional murder (*see* Penal Law § 125.25 [1]), but was convicted of depraved indifference murder (*see* Penal Law § 125.25 [2]). A person is guilty of depraved indifference murder when, under circumstances evincing a depraved indifference to human life, he recklessly engages in conduct that creates a grave risk of death to another person, and thereby causes that person's death (*see* Penal Law § 125.25 [2]). However, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), under the circumstances here, a rational jury could not have concluded that the defendant "recklessly" caused the victim's death (Penal Law § 15.05 [3]), but rather, could only conclude that he intentionally did so (*see People v Payne,* 3 NY3d 266 [2004]).

The defendant's remaining contentions either are unpreserved for appellate review (*see* CPL 470.05 [2]), without merit, or do not require reversal. Prudenti, P.J., H. Miller, Spolzino and Lifson, JJ., concur.