■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL LAMPON, Appellant. [832 NYS2d 252]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered September 5, 2002, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was indicted for both intentional murder (*see* Penal Law § 125.25 [1]) and depraved indifference murder (*see* Penal Law § 125.25 [2]) in connection with the shooting and death of David Garcia on or about July 18, 2001. The defendant moved for dismissal of the depraved indifference count of the indictment at the close of the People's case and at the close of all evidence on the ground that the People's evidence of the defendant's conduct was not consistent with "recklessness." The defendant did not specifically argue in his dismissal motions that the People's evidence was inconsistent with "depraved indifference." The motions were denied and the defendant was found guilty of depraved indifference murder. On appeal, the defendant argues, inter alia, that the evidence was legally insufficient to sustain the conviction of depraved indifference murder.

There was evidence of intoxication presented at trial which the jury could have found negated the defendant's intent to kill (*see* Penal Law § 15.25; *People v Gonzalez,* 6 AD3d 457 [2004]; *People v Taylor,* 245 AD2d 399 [1997]; *People v Bergamini,* 223

AD2d 548, 549 [1996]) without negating the defendant's reckless state of mind (*see People v Johnson*, 277 AD2d 702, 704 [2000]). Accordingly, the defendant's arguments that the trial evidence was not consistent with a reckless state of mind were, in effect, rejected by the jury. Viewed in this context, the defendant's motions to dismiss, which were limited to recklessness without addressing depraved indifference (*see People v Payne*, 3 NY3d 266, 270-272 [2004]; *People v Gonzalez*, 1 NY3d 464, 467 [2004]; *People v Hafeez*, 100 NY2d 253, 258-259 [2003]; *People v Bennett*, 13 AD3d 384, 385 [2004]), failed to preserve with sufficient specificity the issue now raised on appeal (*see* CPL 470.05 [2]; *People v Parker*, 7 NY3d 907 [2006]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Johnson*, 22 AD3d 601 [2005]; *People v Gutierrez*, 15 AD3d 502 [2005]). We decline to reach the depraved indifference issue in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6] [a]; *People v Parker, supra, affg* 29 AD3d 1161 [2006]).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are "constrained to weigh the evidence in light of the elements of the crime as charged without objection by [the] defendant" (*People v Cooper*, 88 NY2d 1056, 1058 [1996], quoting *People v Noble*, 86 NY2d 814, 815 [1995]; *see People v Parker, supra* at 1162 n 2). Having done so, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Furthermore, the defendant's trial counsel provided meaningful representation at all stages of the proceedings (*see People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *see also People v Fair*, 308 AD2d 597, 598 [2003]).

The defendant's remaining contentions regarding a communication at the court's directive, between a court attorney and a juror concerning the juror's ability to continue to serve, are without merit. Mastro, J.P., Santucci, Fisher and Dillon, JJ., concur.