■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FORTINO SOLIS, Appellant. [842 NYS2d 83]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered December 17, 2002, convicting him of murder in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

"[T]here is no requirement that a defendant in a lineup be surrounded by persons who are nearly identical in appearance" (*People v Kirby*, 34 AD3d 695 [2006]; *see People v Chipp*, 75 NY2d 327 [1990], *cert denied* 498 US 833 [1990]; *People v Green*, 14 AD3d 578 [2005]). Differences in appearance between the fillers and the defendant will render a lineup unduly suggestive only where those differences are sufficient to create a substantial likelihood of misidentification because the defendant will be singled out (*see People v Green*, 14 AD3d 578 [2005]; *People v Nieves*, 183 AD2d 854, 856 [1992]). Here, any discrepancy in height between the defendant and the fillers was minimized by the fact that the witnesses viewed the lineup participants while the participants were seated (*see People v Robert*, 184 AD2d 597, 598 [1992]; *People v Jackson*, 151 AD2d 694 [1989]). Since the fillers reasonably resembled the defendant, the lineup was not unduly suggestive, and that branch of the defendant's omnibus motion which was to suppress the identification testimony was properly denied (*see People v Joseph*, 244 AD2d 504 [1997]).

The defendant failed to preserve for appellate review his contention that the evidence was legally insufficient to convict him of depraved indifference murder (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 20 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]), and we decline to reach that issue in the exercise of our interest of justice jurisdiction (*see People v Lampon*, 38 AD3d 682 [2007]; *see generally* CPL 470.15 [6] [a]; *People v Robinson*, 260 AD2d 508, 509 [1999]).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are "constrained to weigh the evidence in light of the elements of the crime as charged without objection by [the] defendant" (*People v Cooper*, 88 NY2d 1056, 1058 [1996], quoting *People v Noble*, 86 NY2d 814, 815 [1995]; *see People v Lampon, supra*). Having done so, we are satisfied that the verdict of guilt

was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]). Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.