■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PAUL DUDLEY, Appellant. [859 NYS2d 376]—Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli, J.), rendered September 30, 2003, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his

contention that the evidence was legally insufficient to convict him of depraved indifference murder (*see* CPL 470.05 [2]; *People v Finger,* 95 NY2d 894 [2000]; *People v Gray,* 86 NY2d 10, 20 [1995]; *People v Solis,* 43 AD3d 1190 [2007]) and we decline to reach that issue in the exercise of our interest of justice jurisdiction (*see People v Solis,* 43 AD3d at 1191; *People v Lampon,* 38 AD3d 682 [2007]; *see generally* CPL 470.15 [6] [a]).

Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are constrained to weigh the evidence in light of the elements of the crime as charged without objection by the defendant (*see People v Johnson,* 10 NY3d 875 [2008]; *People v Danielson,* 9 NY3d 342, 349 [2007]; *People v Cooper,* 88 NY2d 1056, 1058 [1996]; *People v Noble,* 86 NY2d 814, 815 [1995]; *People v Solis,* 43 AD3d at 1191; *People v Lampon,* 38 AD3d at 683). Having done so, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Danielson,* 9 NY3d at 349; *People v Romero,* 7 NY3d 633 [2006]).

The defendant's challenge to the County Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The County Court properly weighed the probative value of the defendant's prior conviction on the issue of his credibility against the possible prejudice to the defendant, and reached an appropriate compromise ruling (*see People v Grier,* 47 AD3d 729 [2008]; *People v Allan,* 41 AD3d 727 [2007]; *People v Caldwell,* 23 AD3d 576 [2005]).

The defendant's remaining contention is unpreserved for appellate review. Skelos, J.P., Miller, Carni and Chambers, JJ., concur.