THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTIN P. RICKARD, Appellant. [898 NYS2d 393]—

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered May 5, 2008. The judgment convicted defendant, upon a nonjury verdict, of driving while intoxicated, as a class D felony, aggravated unlicensed operation of a motor vehicle in the first degree, and two traffic infractions.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a nonjury trial of, inter alia, felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [former (ii)]), defendant contends that County Court erred in denying his motion to dismiss the indictment on statutory

speedy trial grounds (*see* CPL 30.30). We reject that contention. Defendant was arraigned in Town Court, New Albion, on October 27, 2006, following which the Town Judge faxed an order to the Public Defender's Office, assigning the Public Defender as defense counsel. The Public Defender first appeared in the case on November 1, 2006 and advised the Assistant District Attorney that defendant was waiving his right to a preliminary hearing. We thus conclude that, prior to November 1, 2006, defendant was "without counsel" (*People v Drake*, 205 AD2d 996, 997 [1994]), and that County Court properly excluded five days from the statutory six-month period pursuant to CPL 30.30 (4) (f).

Defendant further contends that the statement of readiness filed by the People on May 1, 2007, the last day of the six-month period, was untimely because he was not arraigned on the indictment until May 14, 2007. We reject that contention. "[W]here it is possible for the defendant to be arraigned and the trial to go forward within the six-month period, a prearraignment statement of readiness can be valid" (*People v Carter*, 91 NY2d 795, 798 [1998]; *see People v Goss*, 87 NY2d 792, 794 [1996]; *People v Kitchen*, 234 AD2d 964 [1996], *lv denied* 89 NY2d 1095 [1997]; *People v Clarke*, 233 AD2d 831, 832 [1996], *lv denied* 89 NY2d 1010, 90 NY2d 856 [1997]). Here, the indictment was filed on April 26, 2007. Thus, it was possible to provide defendant with the requisite notice pursuant to CPL 210.10 (2) and to arraign him within the six-month period. The fact that the defendant was actually arraigned following the expiration of the six-month period does not render the statement of readiness either illusory or untimely, inasmuch as it is the responsibility of the court rather than the People to schedule the arraignment. "Where, as [here], a felony complaint was previously filed in local criminal court, the Criminal Procedure Law imposes a nondelegable duty on the trial court to arraign the defendant. Neither local practice violative of CPL 210.10 (2) nor consent of the parties can divest the court of this responsibility. Consequently, any delay in arraignment is attributable solely to the court and not charged to the prosecution" (*Goss*, 87 NY2d at 798).

Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the evidence is legally sufficient to support the conviction (*see generally People v Conway*, 6 NY3d 869, 872 [2006]; *People v Santi*, 3 NY3d 234, 246 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Further, viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Daniel-*

*son*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence. Indeed, based on the credible evidence presented at trial, we conclude that an acquittal would have been unreasonable (*see generally id.* at 348; *People v Romero*, 7 NY3d 633, 643-644 [2006]; *Bleakley*, 69 NY2d at 495).

Finally, the sentence is not unduly harsh or severe. Present— Scudder, P.J., Centra, Carni and Pine, JJ.