■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL ROGERS, JR., Appellant. [942 NYS2d 602]—Appeal by the defendant from a judgment of the County Court, Dutchess County (Dolan, J.), rendered February 4, 2010, convicting him of murder in the second degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the conviction of criminal possession of a weapon in the second degree under count two of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to disprove his justification defense beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defendant's justification defense beyond a reasonable doubt (*see* Penal Law § 35.15; *People v Garcia*, 89 AD3d 862, 862-863 [2011]; *People v Seals*, 78 AD3d 742 [2010]). Moreover, upon our independent review of the evidence pursuant to CPL 470.15 (5), we are satisfied that the jury's rejection of the justification defense and the verdict of guilt on the count of murder in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's challenge to the legal sufficiency of the evidence supporting his conviction of criminal use of a firearm in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 621), we find that it was legally sufficient to establish the de-

fendant's guilt of criminal use of a firearm in the first degree when considered in light of the trial court's charge as given without exception (*see People v Ford*, 11 NY3d 875, 878 [2008]; *People v Sala*, 95 NY2d 254, 260 [2000]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are constrained to weigh the evidence in light of the elements of the crime as charged without objection by the defendant (*see People v Johnson*, 10 NY3d 875 [2008]; *People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Cooper*, 88 NY2d 1056, 1058 [1996]; *People v Solis*, 43 AD3d 1190, 1191 [2007]; *People v Dudley*, 52 AD3d 840 [2008]). Having done so, we are satisfied that the verdict of guilt with respect to the conviction of criminal use of a firearm in the first degree was not against the weight of the evidence (*see People v Danielson*, 9 NY3d at 349; *People v Romero*, 7 NY3d at 633).

However, under the circumstances, the conviction of criminal possession of a weapon in the second degree under count two of the indictment was an inclusory concurrent count of the conviction of criminal use of a firearm in the first degree, and that count should therefore have been dismissed (*see* CPL 300.40 [3] [b]; *People v Fowler*, 45 AD3d 1372, 1374 [2007]; *People v Luster*, 148 AD2d 305, 306 [1989]).

Viewing the record as a whole, we find that the defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The defendant's contention that he was deprived of a fair trial by certain remarks made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Wright*, 90 AD3d 679 [2011]). In any event, the challenged remarks were fair comment on the evidence, permissible rhetorical comment, or responsive to defense counsel's summation (*see People v Ashwal*, 39 NY2d 105, 109-110 [1976]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit. Dillon, J.P., Florio, Chambers and Roman, JJ., concur.