Appeal by the defendant from a judgment of the Supreme Court, Kings County (Garnett, J.), rendered November 18, 2009, convicting him of grand larceny in the second degree, grand larceny in the third degree, petit larceny, and criminal possession of a forged instrument in the second degree (two counts), upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant failed to preserve for appellate review his present contentions regarding the denial of his motion to dismiss the indictment on speedy trial grounds pursuant to CPL 30.30 *737 (see CPL 470.05 [2]; People v Beasley, 16 NY3d 289, 293 [2011]; People v Luperon, 85 NY2d 71, 78 [1995]; People v Robinson, 47 AD3d 847, 848 [2008]). In any event, although the Supreme Court (Walsh, J.) erred in basing its denial on CPL 30.30 (4) (f), the motion was properly denied on other grounds. “CPL 30.30 (1) (a) mandates that the People be ready for the trial of a felony within six months . . . from the commencement of the criminal action. Failure to be ready within six months will result in dismissal of the indictment unless the prosecution can show that certain time periods should be excluded” (People v Chavis, 91 NY2d 500, 504-505 [1998]; see People v Carter, 91 NY2d 795, 798 [1998]). Here, the People validly declared their readiness at the time they commenced the criminal action by filing the indictment. While the People will be charged with periods of “postreadiness” delay where “it is the People’s dereliction that is preventing the defendant’s trial from going forward . . . postreadiness delay attributable to the court is not charged to the People” (People v Goss, 87 NY2d 792, 797 [1996] [citation and internal quotation marks omitted]; see People v McKenna, 76 NY2d 59, 64 [1990]). The postreadiness delay at issue here occurred between the filing of the indictment on March 21, 2008, and the defendant’s arraignment on September 25, 2008. Because “[a]rraigning a defendant upon indictment is exclusively a court function” (People v Goss, 87 NY2d at 797; see CPL 210.10), “[responsibility for scheduling an arraignment date and securing a defendant’s appearance lies with the court, not the People. Consequently, the People cannot be charged with the delay between the People’s pre-arraignment declaration of readiness and defendant’s arraignment[ ]” (People v Carter, 91 NY2d at 799 [citation omitted]; see People v Goss, 87 NY2d at 797; People v Beltre-Pineda, 244 AD2d 962 [1997]).
The defendant’s argument that the evidence was legally insufficient to support his convictions is partially unpreserved for appellate review (see CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt (see People v Johnson, 65 NY2d 556 [1985]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of *738 guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]). Dillon, J.P., Angiolillo, Leventhal and Lott, JJ., concur.