■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO MALDONADO, Appellant. [988 NYS2d 693]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered May 19, 2011, convicting him of grand larceny in the first degree, attempted grand larceny in the first degree, and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of grand larceny in the first degree and criminal possession of a forged instrument in the second degree based on evidence that he executed and filed a deed to an apartment building in Brooklyn owned by the 242 South Second Street Housing Development Fund Corporation, conveying ownership of the building to himself and the corporation. In addition, the defendant was convicted of attempted grand larceny in the first degree based upon evidence that he tried to obtain a loan secured by a mortgage on the subject building.

The defendant's argument that the evidence was legally insufficient to support his conviction of grand larceny in the first degree is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gordon*, 110 AD3d 736, 737 [2013]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the first degree beyond a reasonable doubt when considered in light of the trial court's charge as given without exception (*see People v Ford*, 11 NY3d 875, 878

[2008]; *People v Sala*, 95 NY2d 254, 260 [2000]). Moreover, upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are constrained to weigh the evidence in light of the elements of the crime as charged without objection by the defendant (*see People v Johnson*, 10 NY3d 875 [2008]; *People v Danielson*, 9 NY3d 342, 349 [2007]; *People v Dudley*, 52 AD3d 840, 841 [2008]; *People v Solis*, 43 AD3d 1190, 1191 [2007]). Having done so, we are satisfied that the verdict of guilt with respect to the conviction of grand larceny in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]; *People v Ali*, 189 AD2d 770 [1993]).

The defendant's contention that the evidence was legally insufficient to establish his guilt of attempted grand larceny in the first degree because the People failed to prove that the value of the loan he attempted to obtain exceeded $1,000,000 is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 620), we find that it was legally sufficient to establish that the value of the loan exceeded $1,000,000, and to establish the defendant's guilt of attempted grand larceny in the first degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to attempted grand larceny in the first degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d at 633).

The defendant contends that the evidence was legally insufficient to support his conviction of criminal possession of a forged instrument in the second degree because he signed his own name to the deed, and, therefore, the deed he possessed was not forged. "A person is guilty of criminal possession of a forged instrument in the second degree when, with knowledge that it is forged and with intent to defraud, deceive or injure another, he utters or possesses any forged instrument of a kind specified in section 170.10" (Penal Law § 170.25), including a deed (*see* Penal Law § 170.10 [1]). "[T]here can be a forgery only if the actor is not the ostensible maker or drawer of the instrument and is not authorized by that person to either make, complete or alter the instrument" (*People v Levitan*, 49 NY2d 87, 91 [1980]). Contrary to the defendant's contention, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d at 620), we find that it was legally sufficient to establish his guilt of criminal possession of a forged instrument in the second degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to criminal pos-

session of a forged instrument in the second degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d at 633). The evidence established that the defendant signed the deed as the owner of the corporation, thereby falsely assuming the identity of the owner and ostensible maker of the deed (*cf. People v Levitan*, 49 NY2d at 91-92; *People v Ali*, 189 AD2d at 770).

Viewing the record as a whole, we find that the defendant was not deprived of the effective assistance of counsel (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Skelos, J.P., Dillon, Hall and Roman, JJ., concur.