People v Smith (2019 NY Slip Op 02910)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Smith

2019 NY Slip Op 02910

Decided on April 17, 2019

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON, JJ.


2016-07008
(Ind. No. 10308/14)

[*1]The People of the State of New York, respondent,
vCarl B. Smith, appellant.

Janet E. Sabel, New York, NY (Natalie Rea of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Jean M. Joyce of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Alexander Jeong, J.), rendered June 13, 2016, convicting him of grand larceny in the second degree (two counts), grand larceny in the third degree (two counts), offering a false instrument for filing in the first degree (two counts), unlicensed practice of law, and criminal possession of a forged instrument in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, after a jury trial, of two counts of grand larceny in the second degree, two counts of grand larceny in the third degree, and two counts of offering a false instrument for filing in the first degree, among other crimes, in connection with his theft of three separate parcels of real property located in Brooklyn.
The defendant's contention that the evidence was legally insufficient to support his convictions of grand larceny in the second degree (Penal Law § 155.40[1]) and grand larceny in the third degree (Penal Law § 155.35[1]) is unpreserved for appellate review (see CPL 470.05[2]; People v Hawkins, 11 NY3d 484, 492). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of grand larceny in the second degree and grand larceny in the third degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15(5), we are satisfied that the verdict of guilt as to those crimes was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348; People v Romero, 7 NY3d 633).
"A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof" (Penal Law § 155.05[1]). The term "obtain," as used in the statute, "includes, but is not limited to, the bringing about of a transfer or purported transfer of property or of a legal interest therein, whether to the obtainer or another" (Penal Law § 155.00[2]). Here, the evidence adduced at trial established, among other things, that the defendant created forged deeds with respect to the subject properties, and caused them to be filed with the Office of the City Register of the City of New York. The defendant purported to convey two of the [*2]properties to himself. Thereafter, the defendant sold one of those two properties to two different purchasers and unsuccessfully attempted to sell the other of those two properties. The defendant also facilitated the sale of the third property to another person, unbeknownst to the lawful owner. Contrary to the defendant's contention, these circumstances established that he brought about the purported transfers of the subject properties, to himself or another, and that he did so with the intent to deprive the true owners of their properties (see People v Ali, 189 AD2d 770; see also People v Maldonado, 119 AD3d 610, revd on other grounds 28 NY3d 1173, 1174-1175).
The defendant was not denied the effective assistance of counsel. Viewed in totality, the defendant's attorney provided meaningful representation (see People v Benevento, 91 NY2d 708, 712; People v Baldi, 54 NY2d 137, 147).
The defendant's remaining contention is without merit.
LEVENTHAL, J.P., ROMAN, CONNOLLY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court