People v O'Day (2023 NY Slip Op 05011)

People v O'Day

2023 NY Slip Op 05011

Decided on October 5, 2023 

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 5, 2023 

111252
[*1]The People of the State of New York, Respondent,
v
Daniel O'Day, Appellant.

Calendar Date:November 19, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Dennis J. Lamb, Troy, for appellant.
David J. Clegg, District Attorney, Kingston (Joan Gudesblatt Lamb of counsel), for respondent.

Lynch, J.
Appeal from a judgment of the County Court of Ulster County (Donald A. Williams, J.), rendered February 11, 2019, upon a verdict convicting defendant of the crimes of driving while intoxicated (two counts) and aggravated unlicensed operation of a motor vehicle in the first degree.
On or about March 27, 2017, defendant was charged in the Town of Ulster Justice Court (hereinafter Town Court) with two misdemeanor counts of driving while intoxicated and, by felony complaint, with one count of aggravated unlicensed operation of a motor vehicle in the first degree.[FN1] Following multiple adjournments of the matter, defendant executed a speedy trial waiver on July 13, 2017 in connection with a plea offer, which he ultimately rejected on September 21, 2017. The People thereafter presented the charges to a grand jury, which, on April 23, 2018, handed up an indictment charging defendant with those crimes. Following a jury trial, defendant was convicted as charged and County Court (Williams, J.) sentenced him to 60 days in jail, followed by five years of probation, upon the conviction of aggravated unlicensed operation of a motor vehicle in the first degree, with three-year terms of probation on each conviction of intoxicated driving. Defendant appealed, seeking reversal of the judgment on several grounds, including that defense counsel was ineffective for failing to move for dismissal of the indictment on statutory speedy trial grounds (see CPL 30.30).
We previously determined that the record was insufficient to resolve defendant's speedy trial claim and remitted the matter to County Court for further proceedings on the issue (200 AD3d 1495, 1497 [3d Dept 2021]). Following a hearing held in April 2023, County Court (Rounds, J.) concluded that 11 months and 5 days of chargeable time had accrued by the time the People declared their readiness for trial on May 9, 2018, violating defendant's statutory right to a speedy trial. Both parties declined the opportunity to submit supplemental briefs regarding this decision.[FN2]
With the record now supplemented, we turn to defendant's speedy trial claim. As noted in our prior order, because defendant was accused "of one or more offenses, at least one of which [was] a felony" (CPL 30.30 [1] [a]), the People had six months from March 27, 2017 — the date the first accusatory instrument was filed — to declare their readiness for trial (in this case amounting to 184 days). The period of time between March 27, 2017 and the People's declaration of readiness on May 9, 2018 totals 407 days. At issue is whether any periods within this time frame fall within the statutory exclusions set forth in CPL 30.30 (4). The People have the burden of showing their entitlement to an exclusion (see People v Barden, 27 NY3d 550, 553 [2016]).
Defendant has conceded that the period between March 27, 2017 and the next court appearance on April 18, 2017 (22 days) was excludable (see CPL 30.30 [4] [b]). At the next appearance on April 18, 2017, defendant [*2]appeared with counsel. Town Court provided defendant with a document designated as both a supporting deposition/DWI bill of particulars, dated March 26, 2017, pertaining to the DWI charges. After entering a plea of not guilty on defendant's behalf, counsel requested "a supporting deposition with regards to all" charges — which the court approved. The matter was adjourned to June 13, 2017. The People maintain that the period between April 18, 2017 through June 13, 2017 (56 days) should be excluded given defendant's request for supporting depositions. Under CPL 30.30 (4) (a), "a reasonable period of delay resulting from other proceedings concerning the defendant, including but not limited to . . . [a] request for a bill of particulars . . . and the period during which such matters are under consideration by the court," are excluded.[FN3] A bill of particulars, by definition, specifies factual information not recited in an indictment and must be requested within 30 days after an arraignment (see CPL 200.95 [1] [a]; [3]). By comparison, a "supporting deposition is a written instrument accompanying or filed in connection with . . . a felony complaint, subscribed and verified by a person other than the complainant . . . and containing factual allegations of an evidentiary character . . . which supplement those of the accusatory instrument" (CPL 100.20). As it turns out, the state trooper who signed the "felony complaint" also responded on April 28, 2017 with separate documents for each charge captioned "Supporting Deposition/CPL Notice to Support Simplified Traffic Information," which were received by the court on May 1, 2017. While neither the request nor the response fits neatly within the statutory definitions, even applying CPL 30.30 (4) (a), the exclusion would only extend to May 1, 2017 (13 days) — a calculation that does not change the outcome in this case. The court's next file notation on June 13, 2017 indicates that the matter was adjourned to July 11, 2017 at defendant's request due to a potential plea offer — this period of time (28 days) should be excluded (see CPL 30.30 [4] [b]).
We have already determined that the period between defendant's speedy trial waiver on July 13, 2017 and rejection of the plea offer on September 21, 2017 (70 days) is excluded from the time chargeable to the People (200 AD3d at 1497). Town Court's August 18, 2017 file note states that defense counsel called to request an adjournment due to defendant's appearance in County Court and the matter was adjourned to October 10, 2017. In the meantime, defense counsel called on September 21, 2017 to advise that he was withdrawing as counsel and indicated that defendant might request representation by the Public Defender. At the ensuing appearance on October 10, 2017, defendant's attorney moved to withdraw as counsel, with defendant's consent. After having defendant complete a financial application, the court assigned the Public Defender's office to represent him. The court encouraged [*3]defendant to contact the assigned attorney in advance of the next appearance, scheduled for October 31, 2017. At that appearance, the assistant public defender expressly accepted the case assignment. CPL 30.30 (4) (f) excludes "the period during which the defendant is without counsel through no fault of the court." Here, the court was certainly without fault and we find the period between September 21, 2017 and October 31, 2017 (40 days) falls within this exclusion (see People v Jones, 176 AD3d 1397, 1398 [3d Dept 2019], lv denied 35 NY3d 942 [2020]; People v Rickard, 71 AD3d 1420, 1421 [4th Dept 2010], lv denied 15 NY3d 809 [2010]; People v Aubin, 245 AD2d 805, 806-807 [3d Dept 1997]). We also find that the period between December 12, 2017 and January 23, 2018 (42 days) is excludable because defense counsel expressly consented to this continuance (see CPL 30.30 [4] [b]). The People have otherwise failed to establish any further exclusions.
Given the exclusion of a total of 215 days, the time chargeable to the People is reduced to 192 days. It follows that defendant's right to a speedy trial was, in fact, violated. As such, defense counsel's failure to make a motion seeking dismissal on speedy trial grounds constituted ineffective assistance (compare People v Pentalow, 196 AD3d 871, 871, 873 [3d Dept 2021]). Our determination in this regard renders defendant's remaining contentions academic.
Egan Jr., J.P., Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, and indictment dismissed.

Footnotes

Footnote 1: The accusatory instruments are dated March 26, 2017, but defendant's brief states that the felony complaint was filed March 27, 2017. During the April 2023 hearing on remittal, the prosecutor also stated as much. Regardless of whether the felony complaint was filed on March 26, 2017 or March 27, 2017, it does not change the speedy trial analysis set forth below.

Footnote 2: During the hearing before County Court on remittal, the People represented that they first declared their readiness for trial on April 19, 2018 in a document entitled "Combined Notices/Demands." This document is contained in the record and confirms the People's representation. However, although the People may declare their readiness in an off-calendar written notice "sent by the prosecutor to both defense counsel and the appropriate court clerk, to be placed in the original record" (People v Kendzia, 64 NY2d 331, 337 [1985]), it is unclear whether that procedure was followed. During the hearing on remittal, defendant called his prior attorney as a witness, who confirmed that he never received an off-calendar statement of readiness and the only readiness statement received was at defendant's May 9, 2018 arraignment on the underlying indictment. The People did not submit sufficient evidence demonstrating that they actually sent the April 19, 2018 statement of readiness to either defense counsel or the court. They also declined the opportunity to challenge County Court's use of the May 9, 2018 statement of readiness as the operative "readiness" date for speedy trial purposes when they opted not to file a supplemental brief on appeal. In these circumstances, we conclude that the People did not establish that the operative readiness date for speedy trial purposes was April 19, 2018, as opposed to May 9, 2018.

Footnote 3: CPL 30.30 was amended in 2020 (see L 2019, ch 59, pt KKK, § 1). All references to the statute contained herein are to the provisions in effect during the instant prosecution.