People v Becton (2024 NY Slip Op 50349(U))

[*1]

People v Becton

2024 NY Slip Op 50349(U)

Decided on April 2, 2024

Criminal Court Of The City Of New York, Bronx County

González-Taylor, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 2, 2024
Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against
Dwayne Becton, Defendant.

Docket No. CR-016790-23BX

For the People:
Darcel D. Clark, District Attorney, Bronx County
(by: ADA Rymea Bond)
For the Defendant:
The Legal Aid Society
(by: Nyiesha Hudson, Esq.)

Yadhira González-Taylor, J.

By motion dated December 27, 2023, defendant moved to dismiss the accusatory instrument pursuant to Criminal Procedure Law ("CPL") §§ 30.30 and 170.30 (1) (e) or, alternatively, an order, inter alia, suppressing statements made by defendant and identification of defendant or pre-trial hearings pursuant to Huntley/Dunaway and Wade/Dunaway, respectively, an order precluding evidence of defendant's prior convictions or bad acts or a hearing pursuant to Sandoval/Ventimiglia, and an order directing the prosecution to comply with discovery demands pursuant to CPL §§ 240.40 (1)(a) and 240.80 (3), Brady/Kyles/Vilardi, 200.95 (2) and (5), and reserving the right to file additional motions as necessary.[FN1]
On February 2, 2024, the People opposed defendant's motion, except that portion seeking pre-trial Huntley/Dunaway/Voluntariness hearings. 
Upon review and consideration of the submissions, court file and relevant legal authority, the Court issues this Decision and Order which DENIES defendant's motion to dismiss the accusatory instrument, and further holds that:
The People's Certificate of Compliance ("CoC"), dated October 31, 2023, was VALID; and
The prosecution pursuant to CPL §§ 30.30 and 170.30 (1) (e) was TIMELY; and
Defendant's request for an order suppressing evidence is DENIED but pre-trial hearings pursuant to Huntley/Dunaway and Wade/Dunaway are GRANTED; and
Defendant's application seeking the right to make further motions is GRANTED to the extent provided by CPL § 255.20 (3); and
The People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures.
Defendant's request for an order precluding evidence or, alternatively, granting a hearing pursuant to Sandoval/Ventimiglia is respectfully REFERRED to the trial court.
RELEVANT PROCEDURAL BACKGROUND
On August 1, 2023, defendant Dwayne Becton was arrested and charged with violating Penal Law ("PL") §§ 120.00 (1) (assault in the third degree), a misdemeanor, and 240.26 (1) (harassment in the second degree), a violation. Defendant was arraigned on August 2, 2023, and released on his own recognizance.
On Tuesday, October 31, 2023, the People filed their CoC, statement of readiness ("SoR") and Supporting Deposition ("SD"). At the discovery conference held on November 30, 2023, the People's CoC was deemed valid and a schedule for the instant motion was set.

 DISCUSSION
I. The Parties' Arguments
Counsel avers that the SD was filed at 10:44 p.m. on the 90th day following arraignment on the misdemeanor complaint and, thus, defendant could not have been arraigned on the converted instrument within the People's statutorily allotted time to prosecute (affirmation of defendant's counsel at 7). Counsel further maintains that defendant could not have been brought before the court before the 91st day of the People's speedy trial clock because the People's CoC and SoR were not filed until after the close of business on the 90th day (affirmation of defendant's counsel at 8). Additionally, defendant seeks orders suppressing evidence or pre-trial hearings pursuant to Huntley/Dunaway and Wade/Dunaway, precluding evidence of defendant's prior convictions or bad acts or a hearing pursuant to Sandoval/Ventimiglia, directing the prosecution to comply with discovery demands pursuant to CPL §§ 240.40 (1)(a) and 240.80 (3), Brady/Kyles/Vilardi, 200.95 (2), (5), and reserving the right to file additional motions as necessary (affirmation of defendant's counsel at 9-17).
The People generally oppose defendant's request for omnibus hearings, except that portion seeking pre-trial Huntley/Dunaway/Voluntariness hearings (affirmation in opposition at 7). The prosecution argues that the CoC and SoR filing tolled their time to effectuate defendant's arraignment on the converted instrument within their statutorily allotted time (affirmation in opposition at 9). 
II. The Court's Analysis
Criminal Procedure Law § 170.65 (1) holds, in pertinent part, that "[a] defendant against whom a misdemeanor complaint is pending is not required to enter a plea thereto. For purposes of prosecution, such instrument must, except as provided in subdivision three, be replaced by an information, and the defendant must be arraigned thereon" (see CPL§ 170.65 [1] [emphasis added]). Moreover, "[i]f the misdemeanor complaint is supplemented by a supporting deposition and such instruments taken together satisfy the requirements for a valid information, such misdemeanor complaint is deemed to have been converted to and to constitute a replacing information" (see CPL§ 170.65 [1]). Accordingly, when the People filed their SD at 10:44 p.m. on October 31, 2023, they converted the misdemeanor complaint to an information.
In People v Gross, the Court of Appeals held that "a declaration of readiness prior to arraignment is illusory in the unusual circumstances where arraignment is impossible and that impossibility is attributable solely to the People" (compare Gross, 87 NY2d 792, 796-797 [*2][1996] [emphasis added][internal citations omitted], with People v Brown, 8 Misc 3d 1006[A], 2005 NY Slip Op 50947[U], *2 [Crim Ct, New York County 2005]["(I)t was possible to arraign the defendant on the superseding information prior to the expiration of the statutory speedy trial period"]).
Here, the People filed their SD on the 89th day following defendant's arraignment on the misdemeanor complaint. Accordingly, it was still possible for the People to arraign defendant on the converted accusatory instrument prior to the expiration of their statutorily allotted speedy trial time. 
III. The CPL § 30.30 Calculation
In a motion to dismiss misdemeanor charges pursuant to CPL § 30.30 (1), the defendant has the initial burden to demonstrate that the prosecution failed to declare trial readiness within the statutorily prescribed time (see CPL § 30.30 [1] [b]); People v Luperon, 85 NY2d 71, 77-78 [1995]). The burden then shifts to the People to identify excludable delays (see Luperon, 85 NY2d at 78). Here, the People's 30.30 calculation commenced on August 3, 2023, the day after defendant's arraignment. When the People filed a valid CoC, SoR and SD on October 31, 2023, they declared their readiness for trial and stopped their speedy-trial clock on the 89th day, within the time prescribed by law (August 3, 2023 to October 31, 2023 = 89 days) (see CPL § 30.30 [1][b]). 
Accordingly, defendant's motion to dismiss the accusatory instrument is denied and there are no unresolved issues which warrant a hearing pursuant to People v Allard, 28 NY3d 41 [2016].
IV. Defendant's Request for an Order Granting Other Relief
Defendant's request for an order suppressing evidence is DENIED but pre-trial hearings pursuant to Huntley/Dunaway and Wade/Dunaway are GRANTED.
Defendant's request for an order precluding evidence or, alternatively, granting a hearing pursuant to Sandoval/Ventimiglia is respectfully REFERRED to the trial court.
Defendant is further directed to serve a certificate of compliance pursuant to CPL § 245.50 (2).
Defendant's application seeking the right to make further motions is GRANTED to the extent provided by CPL § 255.20 (3).
Lastly, the People are DIRECTED to comply with their continuing discovery obligations pursuant to CPL §§ 200.95 and 245, including Brady/Vilardi disclosures.

 CONCLUSION
Based upon the foregoing, the Court DENIES defendant's motion to dismiss the accusatory instrument pursuant to CPL §§ 30.30 and 170.30 (1) (e) for failure to timely prosecute.
This constitutes the opinion, decision, and the order of the Court.
Dated: April 2, 2024
Bronx, New York
Hon. Yadhira González-Taylor, J.C.C.

Footnotes

Footnote 1:Article 240 was repealed by L 2019, ch 59, § 1 (Part LLL), effective January 1, 2020.